## Wheeler *et al. versus* Crawford.

1. In the absence of a provision in a lease, that the lessor shall repair, it is no defence in an action for the rent, that the demised premises are not in a tenantable condition.

2. A lessee cannot avail himself of the fact that an estate is held by a trustee under the provisions of a will, which directs him to keep the demised premises in repair, although the lease in terms is made subject to the provisions of said will.

February 21st 1878. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of January Term 1878, No. 58.

Debt by George Crawford, substituted trustee in the place of John Holahan, under the will of Amos Holahan, deceased, against F. M. Wheeler and A. M. Moore, as sureties of one Hall on a lease.

By the copy of the lease filed it appeared that plaintiff had leased to Hall certain premises for which he was to receive an annual

[Wheeler *v.* Crawford.]

rental of $3500, payable in monthly instalments, and for the pay-
ment of which defendants became sureties. The lease was made
subject to the provisions of the will of Amos Holahan. In an affi-
davit of defence Hall averred : "The property in question was
leased May 16th 1876, for a term of five years, at an annual rental
of $3500, by the above-named plaintiff as trustee, &c., as above, to
deponent, subject to the provisions of the will of Amos Holahan,
deceased, relating to said property, which are as follows :—

" ' I, Amos Holahan, of Philadelphia, make, declare and pub-
lish this my will and testament, and appoint my brother, John
Holahan, executor and also trustee for the purposes hereinafter
specified, in the full confidence that he will perform the duties of
executor and trustee faithfully and carefully. * * * I give, devise
and bequeath my house and lot of ground on the southeast corner
Eighth and Zane streets, and also my house and lot of ground, No.
68 Zane street, with their respective appurtenances, to my brother
John Holahan, and his heirs and assigns for ever, in trust never-
theless to and for the following uses, intents and purposes, namely :
1st. To keep the said houses in repair, and rented, to collect the
rents, to pay taxes, and for repairs, and to pay and distribute the
net income thereof, one-half part to my son, Jacob Holahan, half
yearly during his life, and the other half part to my daughter,
Rachael Holahan, half yearly during her life.'

" That since deponent has taken possession of said premises, the
ceilings in the upper rooms have fallen, and others are in daily dan-
ger of falling, to the imminent ·peril of any one occupying them,
and the joists are so insecure as to render the rooms entirely unten-
antable and unfit for use, and thus deponent is deprived of what
profit he might receive as an innkeeper from their occupancy. All
of which has repeatedly been made known to plaintiff by deponent,
with a demand that the provision of the lease under the will be
complied with by the lessor and trustee in keeping the said premises
in repair.

" Deponent further says that at the time of the execution of said
lease and taking possession of said premises, he was not informed,
nor had he any means of knowing the dangerous and insecure con-
dition of said property, but said untenantable condition was known
to the parties in interest under the trust, and such knowledge with-
held from him.

" And deponent further saith that at the time and before the ex-
ecution of the lease, when he read the clause in reference to de-
livering up possession at the expiration of the term, 'in like good
order and condition as they now are,' plaintiff in express terms told
deponent he would not be liable for any repairs unless something was
broken or destroyed by him ; that the clause in the lease was formal,
and no liability attached other than reasonable wear and tear in the
use of the property.

[Wheeler *v.* Crawford.]

"And deponent further saith that had not there been this clear and distinct agreement concerning repairs, he never would have executed the lease, nor bind himself to pay so exorbitant a rental.

"All of which he declares, believes and expects to prove on the trial of the cause."

The court entered judgment for plaintiff for want of a sufficient affidavit of defence, and defendants took this writ, assigning this entry for error.

*George W. Arundel* and *Benjamin Harris Brewster*, for plaintiffs in error.—One of the provisions of the will required the trustee to keep the premises in repair, and he exceeded his powers when he obtained from the lessee a covenant to repair. By the very terms of the will he was bound to keep the premises in a tenantable condition. A covenant on the part of the lessee to repair can mean no more than ordinary repairs, and not permanent, and substantial repairs like the making of a new roof: Long *v.* Fitzimmons, 1 W. & S. 532 ; Mattocks *v.* Cullum, 6 Barr 454.

*George M. Dallas*, for defendant in error.—The clause in the will relied upon by plaintiffs in error, was not intended to, and does not, inure to the benefit of the trustee's lessee. The liability of the tenant to repairs is not raised by this record. It is no defence to an action for rent, that the premises are out of repair, in the absence of a provision in the lease that the landlord shall repair, especially where the tenant has, as in this case, had possession and paid rent under the lease for ten months : Crawford *v.* Wheeler, 4 W. N. C. 369, and cases cited (C. P. 3), viz. : Hitner *v.* Ege, 11 Harris 305 ; Long *v.* Fitzimmons, 1 W. & S. 532 ; Wien *v.* Simpson, 2 Phila. 158 ; Walz *v.* Rhodes, 1 W. N. C. 49 ; Lukens *v.* Hedley, Id. 266 ; McCloskey *v.* Wiltbank, Id. 413 ; Kline *v.* Jacobs, 18 P. F. Smith 57.

The judgment of the Supreme Court was entered, March 4th 1878,

PER CURIAM.—We discover no error in this case. A tenant must stand upon the terms of his lease, and not upon duties imposed by a will upon a trustee, which are not made terms or conditions in the lease in his favor. The question here is not on the powers or duties of the trustee, but upon performance of the terms of the lease by the tenant; and the words, "subject to the provisions of the will of Amos Holahan, deceased," do not refer to privileges conceded to the tenant, but to burthens to which he is subjected.

Judgment affirmed.