# De Morat v. Falkenhagen, Appellant.

148  393
168  574

*Landlord and tenant—Surrender—Acceptance—Agent of lessor.*

In an action to recover rent reserved under a written lease, an affidavit of defence which alleges that defendant, lessee, surrendered possession to A. B., the agent for the plaintiff, and possession thereof was accepted by him, is a good affidavit and sufficient to carry the case to a jury.

Argued Jan. 18, 1892.    Appeal, No. 73, Jan. T., 1892, by defendant, Josephine Falkenhagen, from judgment of C. P. No. 1, Philadelphia Co., June T., 1891, No. 750, in favor of Oliver B. De Morat, plaintiff, for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover one month's rent.

The plaintiff's statement claimed to recover of the defendant one month's rent for premises demised under a lease under seal, of which a copy was annexed to the statement.

The affidavit of defence, of which the material portions are given in the opinion of the Supreme Court, alleged a surrender by lessee and an acceptance by plaintiff's agent.

The court entered judgment for the plaintiff for want of a sufficient affidavit of defence, and defendant appealed.

*Error assigned* was the entry of judgment against the defendant.

*Joseph S. Goodbread, Frank J. O'Farrell* with him, for appellant.

*William Gorman,* for appellee.

OPINION BY MR. JUSTICE GREEN, April 11, 1892:

The appellant does allege in her affidavit of defence, positively, " that she surrendered possession of the demised prem-

ises to P. H. Schaeffer, the agent for the plaintiff, on the 31st day of January, A. D. 1891, and possession thereof was accepted by him." Of course, as this question arises upon an affidavit of defence, the absolute verity of the allegation must be assumed for present purposes, and we must, therefore, assume that P. H. Schaeffer was the duly authorized agent of the plaintiff, competent to act with reference to this subject. In Auer v. Penn, 99 Pa. 370, the present Chief Justice said, in delivering the opinion : " A surrender of demised premises by the tenant during the term, to be effectual, must be accepted by the lessor. The burden of proof is upon the tenant to show such acceptance." An acceptance by one who is the agent of the landlord, is the same as an acceptance by the landlord, and hence the averment of such acceptance, in an affidavit of defence, is sufficient to carry the case to a jury, who can determine whatever disputes may arise as to the fact of agency and the fact of surrender. In Teller v. Boyle, 132 Pa. 56, there was no allegation of an acceptance of the surrender, either by the landlord or by any one for him, and for that reason we held the affidavit insufficient. But here the acceptance by an agent for the landlord is averred, and we cannot question the legal effect without denying his authority, which we certainly cannot do in the face of the affidavit. It is not necessary to consider the other matters set out in the affidavit, as they will all arise on the trial.

Judgment reversed and procedendo awarded.

A petition for a reargument, filed May 16, was refused May 30, 1892.