Huber, Appellant, *v.* Baum.

[Marked to be reported.]

*Landlord and tenant—Repairs—Untenantable premises—Rent.*
A landlord is not bound to make repairs to demised premises unless he covenants to do so.
Where a tenant covenants to make all necessary improvements and repairs, and before the expiration of the term, the premises fall into such a dilapidated condition that they cannot be used for the business to which the lease restricted their use, the tenant cannot by vacating the premises relieve himself from liability for rent.

Argued Jan. 24, 1893. Appeal, No. 24, Jan. T., 1893, by plaintiffs, Helen Huber et al., executors of Anna C. Huber, deceased, from order of C. P. No. 3, Philadelphia County, discharging rule for judgment for want of a sufficient affidavit of defence in an action against Geo. Baum et al. Before PAXSON, C. J., STERRETT, GREEN, McCOLLUM, MITCHELL and DEAN, JJ.

Assumpsit for rent.
The facts appear by the opinion of the Supreme Court.
The court discharged a rule for judgment for want of a sufficient affidavit of defence.

*Errors assigned* were, (1) order as above; (2) not entering judgment for plaintiff.

*Rowland Evans* and *R. L. Ashurst*, for appellants.—A landlord is under no obligation to repair, and the untenantable condition of the property is no defence to an action for rent: Wien v. Simpson, 2 Phila. 300; Hitner v. Ege, 23 Pa. 305; Moore v. Weber, 71 Pa. 429; Wheeler v. Crawford, 86 Pa. 327.

A tenant is liable to pay the rent whether the premises are in good condition or not. He is liable whether the premises are burned down or destroyed in any way or not, and from this a court of equity cannot relieve him: Smith v. Ankrim, 13 S. & R. 39; Jackson v. Gross, L. & T. § 288; Taylor, L. & T. § 329; Woodfall, L. & T., p. 598; 12 Am. & Eng. Ency. Law, p. 722, 723. And a covenant by the landlord to repair will not be implied, nor when made will it be extended by implication: Lucas v. Coulter, 104 Ind. 81; Witty v. Matthews, 52 N. Y. 515; Mumford v. Brown, 6 Cow. 475; Kahn v. Love, 3 Or. 206; Truesdell v. Booth, 4 Hunt, 100; Doupe v. Gennin, 37 How. Pr. 5.

Unless a promise to repair be made by the landlord, in consideration of the execution of the lease, the tenant cannot give evidence of it: Phillips v. Monges, 4 Wh. 226. And repairs voluntarily made raise no presumption of a contract: Moore v. Weber, 71 Pa. 429.

So it has been held that the failure of the landlord to fulfill his express agreement to put premises in repair is no defence to an action for rent: Tibbits v. Percy, 24 Barb. 39; Watts v. Coffin, 11 Johns. 495. Nor will a landlord's failure to keep his express covenant to repair justify the tenant in abandoning the premises: Wood, Landlord and Tenant, p. 805, citing numerous cases.

It would seem necessarily to follow, from the general rule that untenantability of the premises will not free the tenant from his liability for rent, that the unfitness of the premises for a special purpose for which they may have been leased, whether such unfitness be original or subsequently developed, would be alike ineffectual to excuse the tenant from responsibility: Smith v. Marrable, 11 M. & W. 5; Sutton v. Temple, 12 M. & W. 52; Hart v. Windsor, 12 M. & W. 68; Erskine v. Adeane, 42 L. J. Ch. 835; Carson v. Godley, 26 Pa. 111; Hazlett v. Powell, 30 Pa. 298; Samuel v. Scott, 36 Leg. Int. 382; Twibill v. Brown, 17 W. N. 221.

In this case it has been expressly covenanted that the lessees "shall be bound to make at their own cost and expense all necessary improvements and repairs." Under such a covenant the tenant is bound to rebuild, even in case the building be destroyed by fire: Hoy v. Holt, 91 Pa. 88; Arden v. Pullen, 10 M. & W. 321; 2 Platt, Leases, 186; Wood, Landlord and Tenant, 809.

*George Northrop*, for appellees.—The lease expressly cove-
nants that the lessees shall not use or occupy the premises other
than as a morocco manufactory, and this imposes on the lessor
the duty of having the premises fit for that limited purpose.
When the premises became unfit for this limited purpose, and
the lessor, admitting her obligation, refused to make them fit,
and the lessees on this account were driven out, the obligation
to pay ceased.  Rent is payable for the enjoyment of the thing
demised : Gilbert, Rents, 145 ; Hoeveler v. Fleming, 91 Pa.
324 ; Doran v. Chase, 2 W. N. 609 ; Skally v. Shute, 132 Mass.
370 ; Dyett v. Pendleton, 8 Cow. 727.

An untenantable condition of the premises is a good defence
to an action for rent: Brolaskey v. Loth, 5 Phila. 81.   A cove-
nant for quiet enjoyment by the tenant is implied in every
lease : Maule v. Ashmead, 20 Pa. 428.

Though tenant is bound to keep premises in repair, he is not
bound to make substantial and lasting repairs, such as new
roofing, or restore premises become ruinous : Long v. Fitzsim-
mons, 1 W. & S. 532.

In Hazlett v. Powell, 30 Pa. 298, it does not appear that
there was any purpose for which the property was to be used
stated in the lease.

The loss to which the lessees were put by the lessor not
maintaining the premises for the purpose of a morocco manu-
factory, and compelling the removal of the lessees to save loss
of goods and of life, gives them the right to damages sustained
by this eviction.

Wien v. Simpson, 2 Phila. 159, quoted by appellant, ex-
pressly holds, " No man is entitled to pursue a course of con-
duct with reference to his own property of a nature to produce
ill consequences to others from which they cannot with ordinary
care and caution protect themselves."   Hitner v. Ege, 23 Pa.
305, only applies to ordinary repairs which a tenant is to make.
Moore v. Weber, 71 Pa. 429, does not apply.   That case only
decides that there is no implied obligation on the landlord to
repair ; there was no covenant as to the purpose for which the
house was to be used.   Wheeler v. Crawford, 86 Pa. 327, only
decides that the tenant must stand on the terms of his lease.
It appears that he also held possession.   Smith v. Ankrim, 13
S. & R. 39, is where replevin for rent was met by a defence

that a bridge which made the premises valuable was carried away by a flood. Magaw v. Lambert, 3 Pa. 444, and Bussman v. Gansber, 72 Pa. 285, are as to premises destroyed by fire, and do not apply. The other decisions in plaintiffs' paper book do not apply to this case, where the covenant in the lease requires the use of the premises to be specific, and where the tenants were deprived of this special limited use, where the dilapidation of the building threatened their lives, and the injury was not from extraneous causes but inherited ones.

OPINION BY MR. CHIEF JUSTICE PAXSON, February 6, 1893:
We think the plaintiffs were entitled to judgment for want of a sufficient affidavit of defence. The claim of the plaintiffs was for rent due under a lease under seal. The amount of the rent is not in controversy, but the defendants allege in their affidavit of defence that they had leased the premises for the purpose of a morocco manufactory and that the said building "was totally unfit for the purpose for which the lessees rented the same, and to which use and purpose the lease restricted them; that it became untenantable and dangerous. That the lessees requested the lessor to strengthen the building so that they could conduct their business of morocco manufacturing therein. That in compliance with this request the lessor had the building examined by competent builders, and she informed this deponent on September 3, 1891; that it was not practicable, to do anything in the way of strengthening the said building, owing to its old age and dilapidation, and that any money spent in this direction would be simply thrown away, and that she had decided to do nothing in the matter. Acting on this information, and on the increasing danger of remaining on the premises from the bulging and cracking of the walls, and the impossibility of occupying it for the purpose limited by the lease, the lessees were compelled to vacate said building to prevent probable loss of life."

The defendants took possession of their property under their lease and occupied it as a morocco manufactory for some three or four years, and then vacated it during the term, for the reasons stated in their affidavit. They had full opportunity, for anything that appears, to examine the property before they leased it and judge for themselves as to its fitness for their

business. It ought by this time to be understood that a land-lord is not bound to make repairs to demised premises unless he covenants to do so. In this case there was not only no covenant on the part of the landlord to repair, but there was an express covenant on the part of the lessees to do so in the following words: " And it is hereby expressly understood and agreed that the said lessee shall be bound to make at his own cost and expense all necessary improvements and repairs, and in case of fire shall be relieved from payment of rent during the period of rebuilding."

Under these circumstances, the defendants had no right to call upon the plaintiffs to repair the building. It was their own folly, if the fact be so, to lease a building that was in such a dilapidated condition as not to answer their purpose during the extent of the term.

The order of the court below is reversed, and the record remitted with directions to enter judgment for the plaintiffs unless other sufficient cause be shown as provided in the act of assembly.