## Hollis v. Brown et al., Appellants.

*Landlord and tenant—Untenantable premises—Affidavit of defence.*

An affidavit of defence in an action for rent of a dwelling house is insufficient to prevent judgment which avers " that in the winter defendants discovered that the premises were in a wholly unfit and uninhabitable condition, owing to the defective construction of the drainage; and being informed by their physician that it was dangerous to their lives to remain, they removed from the said premises as soon as the critical condition of the health of one of the defendants permitted her to be removed, and had they not vacated the premises the board of health would have required them to do so."

Argued Jan. 18, 1894. Appeal, No. 129, Jan. T., 1894, by defendants, Susan S. Brown and Elizabeth H. Brown, from order of C. P. No. 4, Phila. Co., June T., 1893, No. 691, making absolute rule for judgment for want of sufficient affidavit of defence, in favor of plaintiff, Peter C. Hollis. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.

Assumpsit for rent and damages.

Plaintiff's statement is not printed in appellants' paper-book, but it is stated in the history of the case that the action is for three months' rent and for damages for repairs made necessary by defendants' negligence.

The lease, made part of the plaintiff's statement, contained a covenant by the lessee to keep and " deliver up the premises

in good order and repair." Also the following: " The lessor grants to lessee's family and social visitors, but not to their servants, the right to walk or drive through his premises and make use of his entry on Olney road, otherwise the entrance over the North Pennsylvania Railroad to be used."

The rent was $700 a year.

Defendants' affidavit of defence was as follows:

" They admit that the lease was signed by the defendants on Aug. 31, 1891, and that subsequently thereto the defendants entered and occupied the said premises, and continued in occupancy until February 28, 1893.

" In the winter of 1893, the defendants discovered that the premises were in a wholly unfit and uninhabitable condition, owing to the defective drainage, and they were informed by their physician, and verily believe, it was dangerous to their lives to remain; and that they removed from the said premises as soon as the critical condition of the health of one of the defendants permitted her to be removed; and that had they not vacated the said premises, the board of health of the city of Philadelphia would have required them to do so; and that subsequently to that time, and until the first day of June, 1893, the date on which the plaintiff admits the lease of the said premises to have terminated, the said premises were not in a suitable sanitary condition for habitation.

" Your deponent is informed that the uninhabitable condition of the premises, owing to the defective drainage, terminated the lease, if it ever had any force and effect, and that on and after the 28th day of February, 1893, the date on which the defendants left the premises, no more liability on the part of the defendants occurred under the terms of the lease; and that all obligations under the lease, if any there were, due by the defendants to the plaintiffs up to and including the 28th day of February, 1893, have been discharged by the defendants, and this deponent denies that it was through any fault of the defendants that any injury occurred to the plumbing on the said premises, but that the uninhabitable condition of the said premises was due to the defective construction of said plumbing; and this deponent further denies that there were any repairs necessary in the stable or house, owing to any act or acts of the defendants while occupying the said premises."

Rule for judgment for want of a sufficient affidavit of defence absolute.    Damages assessed at $313.74.

*Error assigned* was above order.

*William Draper Lewis*, for appellants.—Renting a house for dwelling purposes is an implied warranty that it is fit for that purpose: Wolfe v. Arrott, 109 Pa. 473; Showaker v. Boyer, 3 Pa. C. C. R. 271; Smith v. Marrable, 11 M. & W. 5; Wilson v. Hatton, 4 R. & Lex. D. W. 336 (1877).

*Bernard Gilpin*, for appellee, cited: Wheeler v. Crawford, 86 Pa. 327; Carson v. Godley, 26 Pa. 111; Hazlett v. Powell, 30 Pa. 293; Moore v. Weber, 71 Pa. 429; Sutton v. Temple, 12 M. & W. 52.

PER CURIAM, January 29, 1894:

We are satisfied from an examination of the record that there was no error in making absolute the rule for judgment for want of a sufficient affidavit of defence.    Assuming, as we must, for the purposes of this appeal, that all the averments contained in the affidavit of defence are true, there is nothing in them that amounts to a defence to the plaintiff's case.

Judgment affirmed.