Mary Reeves *v.* Thomas McComeskey, Appellant.

168          571
27 SC    264
168          571
28 SC   313
168          571
31 SC    60

*Landlord and tenant—Rent—Repairs.*

No implied covenant that the landlord warrants the leased premises to be tenantable, or that he undertakes to keep them so, arises out of the relation of landlord and tenant, and in the absence of a provision in a lease that the lessor shall repair, it is no defense to an action for the rent that the demised premises are not in a tenantable condition.

A tenant occupied premises for nine years and seven months under a lease which bound him to keep them in good repair, and which he was at liberty to terminate at the end of any current year upon thirty days' notice. He paid the rent for the first seven months of the tenth year, and then abandoned the premises, alleging that they were not in habitable condition. *Held,* that he was liable for the rent for the remainder of the year.

In an action for rent an offer by the tenant to prove " that he was told previously to his removal that they would take the property, and that he might leave it," is incompetent for vagueness inasmuch as the offer does not state by whom the tenant was told that the property would be taken.

The leaving of the key with the lessor's agent where the evidence shows there was no acceptance of the surrender of the lease, and the putting of a bill " for rent " or " for sale " on premises vacated by a tenant before the expiration of his term, does not deprive the landlord of his right to collect the rent until the expiration of the term.

Argued Jan. 25, 1895. Appeal, No. 99, July T., 1894, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1893, No. 266, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for rent. Before FINLETTER, P. J.

At the trial it appeared that on Jan. 18, 1882, John McCloskey, agent for Mary Reeves, leased to John and Thomas McComeskey the premises 2416 Frankford Ave. Thomas McComeskey continued to occupy the premises until Aug. 18, 1892, when he vacated the premises alleging that they were no longer habitable.

During the trial defendant's counsel made the following offers :

Mr. Gorman: " I offer to prove that the premises were in such a state of dilapidation that it was dangerous for the defendant and his family to live there, and the physician, after the death of his two children and the sickness of his wife,

advised him that the premises were in such a condition as to be dangerous and prejudicial to health."

Offer overruled.    Exception for defendant. [1]

Mr. Gorman : " I also offer to prove by this witness that the ordinary repairs incident to a house of this character would not put this property in a condition for tenant's occupancy."

Objected to.    Objection sustained.    Exception for defendant. [2]

" Q. Did you see this property after you had delivered the key to Mr. McCloskey?    A. Yes, sir ; I did.

" Q. State whether there was a bill on it."

Objected to.

Mr. Gorman : " I desire to follow it up by showing that there was a bill ' for sale ' put on it."

" Q. You saw this property after you had delivered the key, and you found a bill ' for sale or to rent' on the property ? "

Objected to.    Objection sustained.    Exception for defendant. [3]

By Mr. Gorman : " Q. What was the name of the party who went to the owner or agent to rent this property, after you left it ? "

Objected to.    Objection sustained. [4]

Mr. Gorman : " I propose to show by this witness that a party applied to rent the property and made an offer for it for the balance of the term, and that they refused to rent it."

Objected to.    Objection sustained.    Exception for defendant. [5]

Mr. Gorman : " I also offer to prove that the property was offered for sale during the term for which the suit was brought, with possession."

Objected to.    Objection sustained. [6]

Mr. Gorman : " I now offer to prove by this witness that he was told previous to his removal that they would take the property and that he might leave it."

Objected to.    Objection sustained.    Exception for defendant. [7]

Mr. Gorman : " I offer to prove that when the witness delivered the key to the agent the agent accepted the key from the witness, and thereafter put a bill on the house ' for sale,' and thereafter offered it to a purchaser, with immediate possession."

Objected to.   Objection sustained.   Exception for defendant. [8]

The court gave binding instruction for plaintiff.

Verdict and judgment for plaintiff for $133.75.   Defendant appealed.

*Errors assigned* were (1–8) rulings on evidence, quoting the bill of exceptions; (9) binding instructions for plaintiff.

*William Gorman,* for appellant.—A tenant is not bound to make substantial and lasting repairs : Torriano v. Young, 6 C. & P. 8; Leach v. Thomas, 7 C. & P. 326 ; Sherrer v. Dickson, 3 Brewst. 276 ; Brolaskey v. Loth, 5 Phila. 81 ; Salisbury v. Marshall, 4 C. & P. 65.   The offer to prove acceptance of surrender should have been received : De Morat v. Falkenhagen, 148 Pa. 393; Gaunnis v. Kater, 29 Leg. Int. 230 ; Reeve v. Bird, 1 Cromp., M. & R. 31; Pratt & Reath v. Richards Jewelry Co., 69 Pa. 53.

*Charles Knittel,* for appellee.—As to surrender of the premises : Auer v. Penn, 99 Pa. 370 ; De Morat v. Falkenhagen, 148 Pa. 393.

OPINION BY MR. JUSTICE McCOLLUM, May 30, 1895 :

The lessee's first objection to the payment of the rent sued for is that the demised premises were not tenantable.   It appears that he occupied them nine years and seven months, under a lease which bound him to keep them in good repair, and which he was at liberty to terminate at the end of any current year of the term on giving to the lessor thirty days' previous notice of his intention to do so.   If the untenantable condition of which he complains was caused by reasonable wear and tear he must have had notice of it in time to enable him to determine the lease in accordance with its provisions and thus avoid a dispute concerning a few months' rent.   He does not claim that there was any extraordinary cause for the alleged dilapidation of the premises, but he says that to render them habitable substantial repairs which it was not his duty to make were required.   Instead of adopting the method provided by the lease for determining it he paid the rent for the first seven months of the

tenth year of his tenancy and abandoned the premises. As-suming they were not tenantable when he abandoned them, and that he left them because they were not, do these facts consti-tute a defense to the claim for rent for the balance of the year? The lessor did not warrant or represent them to be tenantable or undertake if they were to keep them so, and there is no im-plied covenant of this nature founded upon or arising from the relation of landlord and tenant. In the absence of a provision in a lease that the lessor shall repair it is no defense to an action for the rent that the demised premises are not in a tenantable condition: Wheeler et al. v. Crawford, 86 Pa. 327, and Moore v. Weber, 71 Pa. 429; see also Jackson and Gross on Landlord and Tenant, secs. 288–963 and 1045, and cases cited in the notes. It follows that the lessee's first objection to the claim in this case is not well taken.

The second objection to the claim is founded upon the les-see's abandonment or surrender of the premises. He left the key with the lessor's agent and his own account of the conver-sation between them shows that there was then no acceptance of the surrender and that it was the purpose of the lessor to hold him for the rent. His subsequent offers of evidence were properly overruled by the court. The matters to which they referred were not sufficient, if proven, to establish an accept-ance or to afford a legitimate basis for an inference of it. His offer " to prove that he was told previously to his removal that they would take the property and that he might leave it " was altogether too vague. It significantly omitted to mention who told him. If it was the lessor or her agent he could easily, and undoubtedly would, have said so in his offer.

De Morat v. Falkenhagen, 148 Pa. 393, is not applicable to this case. It related to the sufficiency of an affidavit of defense, and held that an affidavit which distinctly averred a surrender and acceptance was good. Auer v. Penn, 99 Pa. 370, is in accord with the conclusions we have reached and so is Breuck-man v. Twibill, 89 Pa. 58.

The specifications of error are overruled and the judgment is affirmed.