## Jackson v. Stewart, Appellant.

*Landlord and tenant—Habitable condition of premises—Dampness—Covenant for repairs—Termination of lease—Delivery of key.*

A tenant who has covenanted to make repairs cannot avoid the obligation of his lease by reason of the uninhabitable condition of the house by reason of dampness, where it appears that he inspected the house and its location before leasing it, and that the dampness was due either to the flow of water into the house during a heavy rain, or to the fact that a retaining wall became dilapidated during the tenancy.

The delivery of the key of demised premises to the landlord's agent, will not terminate the tenancy, where there is no proof that the landlord accepted the key.

Argued April 23, 1905. Appeal, No. 123, April T., 1906, by defendant, from order of C. P. No. 1, Allegheny Co., Dec. T., 1905, No. 54, discharging rule to open judgment in case of

M. L. Jackson v. Clara Stewart and Daniel Edwards.   Before
RICE, P. J., ORLADY, SMITH, PORTER, MORRISON, and HEN-
DERSON, JJ.   Affirmed.

Rule to open a judgment entered on a lease.

The opinion of the Superior Court states the case.

*Error assigned* was the order discharging the rule.

*W. A. Hudson,* for appellant, cited: Wolfe v. Arrott, 109
Pa. 473.

*J. W. Hague,* with him *B. C. Christy,* for appellee, cited:
Eberle v. Girard Life Ins., etc., Co., 4 Atl. Repr. 808; John-
son v. Mathues, 4 Del. Co. Rep. 365; Huber v. Baum, 152
Pa. 626; Trickett on Landlord & Tenant, p. 318; Harvey v.
Gunzburg, 148 Pa. 294; Reeves v. McComeskey, 168 Pa. 571;
Kline v. Jacobs, 68 Pa. 57; Wheeler v. Crawford, 86 Pa. 327;
S. C. 4 W. N. C. 369; Lukens v. Hedley, 1 W. N. C. 266.

OPINION BY HENDERSON, J., May 14, 1906:

The defendants seek to avoid the obligation of their lease on
the allegation that the demised building was not habitable.
The defect complained of was dampness.   The lessees examined
the premises before executing the lease.   The dampness was
attributed by the witnesses in part to the location of the house;
in part to water flowing into the first floor during a heavy rain
in the summer after the lessees took possession.   A retaining
wall became dilapidated during the defendants' occupancy and
the testimony suggests the inference that the condition of the
wall may have contributed to the flow of water into the house
at the time referred to.   The condition of the wall is not a legal
ground for relief, however, as the lessees covenanted to make
all necessary repairs at their own expense.   After having had
an opportunity to inspect the premises the appellants are not
in a situation to complain that the location of the house was
such as to create dampness; nor does the statement of the agent
that he thought the dampness discovered by one of the defend-
ants was owing to the fact that the house had been closed re-
lieve the defendants from the responsibility imposed upon them

by the examination made. There being no provision in the lease for repairs by the lessor a tenant cannot defend against the payment of rent on the ground that the premises are not in a tenantable condition : Kline v. Jacobs, 68 Pa. 57 ; Huber v. Baum, 152 Pa. 626 ; Reeves v. McComeskey, 168 Pa. 571. If the dampness was due, as alleged by one of the defendants' witnesses, to " a very heavy rain in the summer and the water settled at the front of the house and at the back of the house " the condition was one for which the landlord was apparently not responsible and one which the defendants might as easily anticipate as the owner. The defendants leased with their eyes open as to the location of the house and it does not appear from the evidence that its condition changed after the execution of the lease except as it may have been affected by the heavy rain referred to.

The defendants did not relieve themselves from their covenant by leaving the key of the house at the office of the plaintiff's agent. If the landlord had accepted the key such act would have amounted to a dissolution of the tenancy unless he informed the tenants that he would hold them for the rent. There is no evidence, however, that the key was accepted or that the landlord by any act released the tenants. The defense set up is insufficient in law and the rule to open the judgment was properly discharged.

The decree is affirmed.