## Davis *v.* Pierce, Appellant.

*Judgment—Opening judgment—Lease containing warrant to confess— Ignorance of contents—Failure to read—Landlord and tenant.*

1. A judgment entered on a warrant in a lease will not be opened on the ground that the defendant, when she signed the lease, did not know that it contained a confession of judgment, if it appears that the defendant had an opportunity to read the paper, and that she was not deterred therefrom by any fraud or misrepresentations of the plaintiff.

2. A judgment entered on a warrant in a lease for a stable will not be opened, on an allegation of the defendant that she had not taken possession on account of the unsanitary condition of the stable of which she was without knowledge, where it appears that there were no misrepresentations made to her, or facts concealed from her as to the condition of the stable, and that at the time of the execution of the lease the plaintiff was in the actual occupancy of the stable, and had been for three months prior thereto.

3. A covenant on the part of the lessee to keep a stable in a clean and sanitary condition does not imply a representation upon the part of the lessor that the stable was in a clean and sanitary condition when the lease was executed; nor does it relieve the lessee from examining the premises.

Argued Nov. 20, 1912. Appeal, No. 227, Oct. T., 1912, by defendant, from order of C. P. Chester Co., discharging rule to open judgment in case of Amos Davis v. Jennie L. Pierce. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Rule to open judgment.
The opinion of the Superior Court states the facts.

*Error assigned* was order discharging rule to open judgment.

*W. S. Harris*, for appellant, cited: Cleves v. Willoughby, 7 Hill, 83; Wood v. Hubbell, 5 Barb. 601; Kaier v. O'Brien, 202 Pa. 153; Weber v. Roland, 39 Pa. Superior Ct. 611; Volk v. Shoemaker, 229 Pa. 407.

*John N. Guss* and *Thomas Lack*, for appellee.

OPINION BY RICE, P. J., February 27, 1913:

This is an appeal from the court's refusal to open a judgment entered by virtue of a confession contained in a lease of a stable. The lease was executed on March 11, 1912, and was for the term of one year from April 1, 1912. The rent was payable quarterly in advance.

One ground upon which the defendant asked to have the judgment opened was that when she signed the lease she did not know that it contained a confession of judgment. But it is apparent, from the testimony, that, if she did not know it, it was because she did not read the lease, not because she did not have opportunity to read it, or was induced not to do so by any misrepresentation of its contents by the plaintiff or other declaration or

conduct of his.   There can be no plainer case for the application of the familiar principle enunciated by Chief Justice GIBSON in Greenfield's Est., 14 Pa. 489, 496, that if a party who can read, as the defendant could, will not read a deed put before him for execution, he is guilty of supine negligence, which is not the subject of protection, either in equity or at law.

As another ground for defense, the defendant alleged, in her petition, that she did not take possession under the lease because the unsanitary condition of the stable would have made it dangerous to her horses to put them in it, that she did not know of this fact at the time she executed the lease, and that when she learned it she immediately notified the plaintiff of it, and he promised to remedy the dangerous condition of the stable, but did not do so. With regard to this branch of the defense it is to be noticed that there is no evidence that the plaintiff misrepresented the condition of the stable, and no such clear and satisfactory evidence of his fraudulent concealment of facts as made it the imperative duty of the court to open the judgment on that ground.   Moreover, at the time of the execution of the lease the defendant was in the actual occupancy of the stable and had been for three months before, and, therefore, was in the same position as the plaintiff to see what its condition was.   There is peculiar reason, therefore, for applying the general rule that "in the absence of an express agreement there is no implied obligation on the landlord to repair demised premises, nor does he impliedly undertake that they are fit for the purposes for which they are rented—that they are tenantable or shall continue so.   If they burn down he is not bound to rebuild.   The rule here, as in other cases, is caveat emptor.   The ·lessee's eyes are his bargain.   He is bound to examine the premises he rents, and secure himself by covenants, to repair and rebuild:" SHARSWOOD, J., in Moore v. Weber, 71 Pa. 429; Hazlett v. Powell, 30 Pa. 293, 298; Wheeler v. Crawford, 86 Pa. 327; Jackson and Gross on Landlord and Tenant, 512 and 513;

24 Cyc. of Law & Pro. 1155. But it is argued that the covenant upon the part of the lessee "that she will keep the said premises in a clean and sanitary condition," was, in effect, a representation upon the part of the lessor that the stable was in clean and sanitary condition. It is true, Justice MERCUR said in Wolfe v. Arrott, 109 Pa. 473, that the stipulation in the lease then under consideration, that the lessee should not use or occupy the premises other than as a dwelling house, fairly represented and declared the house to be in all respects fit and suitable for that purpose. The stipulation is quite different from that relied on here, and the case is distinguishable from the present in other important particulars, as will be seen from the second head of the syllabus, which reads: "If premises are let for a certain purpose and the lessor falsely represents them to be fit for that purpose, though knowing the contrary, so that the lessee is thereby deterred from a more careful examination, parol evidence of these facts is admissible in an action on the lease for rent, and if clear may justify the jury in finding intentional fraud on the part of the lessor." Covenants to keep in repair, similar to that in the lease in question, appeared in Reeves v. McComeskey, 168 Pa. 571, and Hollis v. Brown, 159 Pa. 539, and yet the general rule laid down in Moore v. Weber was applied.

It is argued that the defendant did not take possession under the lease, that for that reason it was nothing but an executory contract out of which no obligation to pay rent, as such, arose, and therefore entry of judgment on the confession for rent was unauthorized. But it to be noticed that the confession was " for the whole amount of the rent at any time remaining unpaid, whether the same shall have been due or not." We see no reason why this would not have authorized entry of judgment at once for the whole amount of the rent stipulated for in the lease. Besides that, when the defendant took her horses from the stable just before the beginning of the new term, she did not remove all of her property; nor did she notify the plaintiff

that she surrendered possession or desired to cancel the lease. On the contrary, under the plaintiff's testimony, which in this particular was uncontradicted, as late as June she had communication with him regarding certain repairs she desired made and promised to pay the rent then due, thus indicating that she considered the tenancy to be still existing.

It cannot be said that this case is free from conflict of testimony. There is a dispute between the plaintiff and the defendant as to her allegation that she notified him of the unhealthy condition of the stable. But as has been declared repeatedly, it is a mistake to suppose that the court to which an application to open a judgment by confession is made cannot judge of the weight of the evidence and the credibility of the witnesses, but must in every case where there is a conflict of evidence send the case to a jury. Here, the court had better opportunity to judge of the credibility of the witnesses than if the case had been presented on depositions, for the testimony was given in court, both judges being present. Apart from this consideration, our review of the testimony leads us to the conclusion that in refusing to open the judgment the court exercised a sound discretion, and that its action should not be disturbed.

The order is affirmed and the appeal dismissed at the costs of the appellant.