## Silverman *v.* Bullock, Appellant.

Argued April 19, 1949. Before Rhodes, P. J., Hirt, Reno, Dithrich, Arnold and Fine, JJ. (Ross, J., absent).

*J. Harry Pershing,* with him *Adam B. Shaffer,* for appellant.

*H. L. Abrams,* for appellee.

OPINION BY FINE, J., July 15, 1949:

Lena Silverman, lessor, filed her complaint in assumpsit against David Bullock, lessee, for $125.00, representing arrearages in rent for a five months period from August to December, 1947. An answer was filed interposing the defense that ". . . in July 1947, an Inspector from the Department of Building Inspection, City of Pittsburgh, came to the above premises and notified [appellant] that he would have to move because of the unsanitary condition of the said premises . . . [and because] the general state of dis-repair of the building constituted a fire hazard. The Inspector notified the Defendant to pay no more rent to the Plaintiff until said conditions were corrected." The matter was heard by a judge without jury and, after hearing, judgment was entered for lessor in the full sum. The judgment will be affirmed.

Lessee occupied premises 2219 Webster Avenue, Pittsburgh, for a period of approximately seventeen years under a written lease providing for rental of $25.00 per month. There is no question here concerning the tenancy or any of its terms, including the amount of arrearages of monthly rentals. The sole question for our determination is the validity of the defense interposed, namely, that the Department of Health [1] of the City of Pittsburgh by written notice required [2] lessee

---

[1] Erroneously termed as Department of Building Inspection by lessee.

[2] Pursuant to Act of 1903, P. L. 54, §13, 53 PS §9103.

to abate unsanitary conditions on the premises resulting from an "Obstructed water closet . . . [the] Cost of Repairs to be deducted from Rent," and that an inspector of that department orally advised him to pay no further rentals to lessor until the unsanitary conditions had been corrected by her. The instructions of the department and the advice of the inspector with regard to payment of rent do not relieve the lessee of his obligation to pay rent under the terms of the lease. The court below properly concluded such defense was insufficient.

In the absence of proof of an obligation of the landlord to repair, it is no defense in an action for the payment of rent that the premises after prolonged tenancy became untenantable or uninhabitable because of unsanitary conditions: *Hollis v. Brown,* 159 Pa. 539, 28 A. 360; *Huber v. Baum,* 152 Pa. 626, 26 A. 101; *Reeves v. McComeskey,* 168 Pa. 571, 32 A. 96. Cf. *Moore v. Weber,* 71 Pa. 429, 432; 32 Am. Jur., Landlord & Tenant, §655.

Lessee's contention, first offered on appeal, that lessor's failure to attach a copy of the written lease to her complaint is fatal to her claim, is without merit: *Clymer-Jones Lithograph Co. v. United States Fashion & Sample Book Co.,* 48 Pa. Superior Ct. 636. Nor did the answer of lessee set forth a covenant imposing upon lessor the duty to repair. Rule 1019(h), Pa. R. C. P.

Judgment affirmed.