## Moore *versus* Weber.

1. In every demise there is an implied covenant for peaceable and quiet enjoyment, but not a guaranty to the tenant from injury by the wrongful acts of a stranger.

2. The covenant for quiet enjoyment means only that the tenant shall not be evicted or disturbed by good title in the premises or part of them.

3. There is no implied obligation on the landlord to repair; nor does he undertake that the premises are fit for the purposes for which they are rented, that they are tenantable or shall continue so.

4. The rule, *caveat emptor*, applies in leases.

5. After a house was leased an adjoining owner took down his house, which left the frame partition of the leased premises exposed to the weather; the rain beat in and injured his goods. *Held*, that the lessee had no cause of action against his landlord for the injury, or for not repairing.

6. A landlord voluntarily doing repairs for the benefit of the tenant or to prevent dilapidation, is not evidence from which an inference can arise that there was a contract to repair.

March 7th 1872. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Lancaster county*: No. 21, to May Term 1872.

This was an action on the case commenced, February 18th 1869, by Peter Weber against John G. Moore.

The declaration was as follows:—

"For that whereas the said plaintiff, before and at the time of the committing of the grievances hereinafter mentioned, was lawfully possessed of a certain building and premises, with the appertenances, situated on the east side of North Queen street, in the city of Lancaster, in which said building and on said premises the said plaintiff carried on the business of making and selling hats, &c., holding and possessing the said building and premises, as tenant of the said defendant, whereby the said defendant was in duty bound to guaranty to the said plaintiff, from time to time, and at all times, peaceable and quiet possession and enjoyment, without molestation or hindrance, of the said building and premises; nevertheless the said defendant continuing, and wrongfully and unjustly intending to injure, prejudice and aggrieve the said plaintiff in the possession, use, occupation and enjoyment of the

[Moore *v.* Weber.]

said building and premises thus held by him as tenant of the said defendant, and to render the same incommodious, unfit for business purposes, and of little or no use or value to the said plaintiff while the said plaintiff was so possessed thereof, wrongfully and unjustly and negligently permitted to be torn down a certain building adjoining the said building and premises of the said plaintiff, so that by reason thereof the said building and premises of the said plaintiff became open and exposed to the weather, whereby at divers times before the commencement of this suit large quantities of rain-water ran and flowed into the said building and premises of the said plaintiff, greatly injuring, wetting and damaging the goods, property and stock in trade of the said plaintiff, and preventing the employees of the said plaintiff from pursuing their occupation in the said building, and on the said premises, at divers times during the said period, while the said building and premises were exposed and open as aforesaid."

The facts in the case sufficiently appear in the opinion of the Supreme Court.

Under the charge of the court below (Hayes, J.) the plaintiff recovered a verdict for $425. There was a rule by the defendant for a new trial and motion for arrest of judgment.

The rule was discharged, the motion denied, and judgment entered on the verdict.

On removal of the record to the Supreme Court the defendant assigned thirteen errors, the last of which was:—

The court erred in not arresting the judgment for the reasons assigned: " The insufficiency of the declaration."

*P. D. Baker* and *T. B. Amwake*, for plaintiff in error.—In the absence of an express agreement there is no implied obligation on the landlord to repair demised premises: Parsons on Contracts 422. The relation of landlord and tenant is one of bargain and sale, and fully within the scope of the maxim of *Caveat emptor:* Grier *v.* Sampson, 3 Casey 183. The landlord is not bound to repair unless he has so expressly agreed: Taylor on Landlord and Tenant 235, pl. 329.

*S. H. Reynolds* and *W. A. Wilson*, for defendant in error.— The landlord is bound to restore the premises if they become untenantable by a ruinous accident: Long *v.* Fitzsimmons, 1 W. & S. 532. Covenant for quiet enjoyment is broken by an actual disturbance of the possession; Waldron *v.* McCarty, 3 Johns. 472; Kortz *v.* Carpenter, 5 Id. 120; Godley *v.* Hagerty, 8 Harris 397.

If the declaration was defective it was cured by the verdict. If a declaration contains the essentials of a good cause of action, it will be sufficient after verdict: Irvine *v.* Bull, 7 Watts 323;

[Moore v. Weber.]

Thompson v. Barkley, 3 Casey 265; Shoenberger v. Zook, 10 Id. 24; Smith v. Latour, 6 Harris 243; Robinson v. English, 10 Casey 324.

The opinion of the court was delivered, May 16th 1872, by

SHARSWOOD, J.—This was an action on the case by a tenant against a landlord to recover damages for an alleged breach of duty in not guarantying to the plaintiff, from time to time, and at all times, peaceable and quiet possession and enjoyment without molestation or hindrance of the demised premises. There is undoubtedly in every demise an implied covenant of quiet and peaceable enjoyment—but not that the tenant shall be guarantied from all molestation or damage from the wrongful acts of strangers, having no right or title to the demised premises or any part thereof. The breach alleged was that the defendant wrongfully, unjustly and negligently permitted to be torn down a certain building adjoining the said building and premises of the plaintiff. It is clear, according to the *allegata*, that the building so torn down was not upon the premises demised, nor does it appear that the defendant could lawfully have prevented it from being torn down. If there was any wrong, injustice or negligence, it must have been in the persons by whom or whose command the injury was done. The *probata* and *allegata* agreed. The house let was a frame building, weatherboarded in front and behind; but the sides were stud partitions, lathed and plastered. Alongside of it was a brick building, built entirely on another lot, owned by another person; which, while it stood, fully protected the house in question. The owner of that brick building removed it, as he had a perfect right to do, and the defendant could not have prevented him. The original frame partition of the house occupied by the plaintiff was an insufficient protection from the weather, in consequence of which his goods and chattels suffered injury. It is too clear for argument that there was here no breach of the implied obligation of the landlord that the tenant shall enjoy quiet and peaceable possession during the term.

The covenant of quiet enjoyment, whether express or implied, only means that the tenant shall not be evicted or disturbed by good title in the possession of the demised premises or some part thereof. It is very clear that the wall removed was not a part of the house let, and from the nature of the case, could not have been supposed to be so. The house let was a frame building—the walls were part of an adjoining building. The learned judge below, however, appears to have thought that there was a duty on the part of the landlord to maintain the premises in a tenantable condition. From evidence that the defendant had done some repairs, he left it to the jury to infer that there was a general contract by him to do all repairs necessary to keep the house tenantable. Even admitting that this ground could be resorted to under the pleading,

21 P. F. SMITH—28

[Moore *v.* Weber.]

it is manifest that the fact that a landlord voluntarily, and at the request of a tenant, does certain repairs is no evidence from which such an inference can be drawn, as was here submitted to the jury. It must certainly appear distinctly that the repairs were done under an agreement of some kind. The landlord may erroneously suppose himself bound, or he may do the repairs for the benefit of the property and that it may not fall into dilapidation. In the absence of an express agreement there is no implied obligation on the landlord to repair demised premises, nor does he impliedly undertake that they are fit for the purposes for which they are rented—that they are tenantable or shall continue so. If they burn down he is not bound to rebuild. The rule here, as in other cases, is *caveat emptor*. The lessee's eyes are his bargain. He is bound to examine the premises he rents, and secure himself by covenants, to repair and rebuild. It was settled in Long *v.* Fitzsimmons, 1 W. & S. 532, that a tenant is not bound without a covenant to make substantial and lasting repairs, but that case does not decide nor does any case in this state or elsewhere, as far as we know, that the landlord is under any such obligation. These principles are fully sustained by the opinion of the present Chief Justice in Hazlett *v.* Powell, 6 Casey 293, where the cases are cited.

It follows from this course of reasoning that the declaration was substantially defective in setting forth no cause of action, nor on the undisputed facts of the case could it have been so amended that the plaintiff could have recovered. He had no right of action against the defendant. This is not formally assigned as a ground of reversal, as it might and ought to have been, but it is in effect in the thirteenth assignment that the court erred in not arresting the judgment for the insufficiency of the declaration.

Judgment reversed.