## CHARLES K. BARNS v. WALTER G. WILSON.

ERROR TO THE COURT OF COMMON PLEAS, NO. 4, OF PHILADELPHIA COUNTY.

Argued March 23, 1887—Decided May 9, 1887.

1. Though a lease of land implies a covenant of quiet enjoyment, yet that covenant is not designed as an indemnity against any and all disturbance of the lessee's enjoyment, but extends only to acts of the lessor himself, and to injuries inflicted under title paramount.
2. The removal of a party wall by an adjoining owner in Philadelphia under the provisions of the act of May 20, 1857, P. L. 590, even though the leased premises become uninhabitable by the tenant, does not con-

stitute such an eviction under a paramount title as will relieve the tenant from the payment of rent.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

No. 270 January Term 1886, Sup. Ct.

The suit in the court below was an action by Walter G. Wilson against Charles K. Barns for a quarter's rent of premises in Philadelphia. The landlord, plaintiff, filed a copy of his lease with his claim. The tenant, defendant, filed an affidavit of defence in which he averred:

The premises demised were a dwelling-house in the city, and the lot on which it stood.

On the 14th April, 1885, during the quarter for which rent is demanded by the suit, and before the rent sued for accrued, the defendant was evicted from the premises, and did actually remove therefrom, and so continued evicted until the termination of the quarter. The manner of the eviction was as follows : The owner of the adjoining premises, intending to erect a house on that lot, caused the party or eastern wall of the first story of the main building and the said wall of the first and second stories of the back building of the house mentioned in the lease, to be condemned by the person or persons entitled to determine such questions under the laws of Pennsylvania, and the same were adjudged to be insufficient for the purpose of a party wall, and the said adjoining owner was authorized to remove the same. Pursuant thereto, on or before the 27th day of April, the said adjoining owner did remove the said walls, and thereby left the rooms of the house described in the lease open and exposed to be entered into at pleasure, and so open to wind and rain as to render it impossible to use the house as a dwelling; and displaced and cut the pipes for water and gas and the flues for heating the house, so that the same could not be used as a dwelling-house. Thereupon the defendant removed from the dwelling after notifying the plaintiff and he failed to protect him in the enjoyment of the premises, paying rent up to the time when the house became uninhabitable.

On motion, the court after hearing entered judgment for

Argument for Defendant in Error.

the plaintiff for want of a sufficient affidavit of defence, where-upon the defendant took this writ.

*Mr. R. C. McMurtrie* for the plaintiff in error:

The act of the adjoining owner was an eviction for which the lessor was liable. The removal of so essential a part of a dwelling as the outer wall at least raised a question of fact for a jury whether there had been an eviction. When the lease was made, the covenant for quiet enjoyment included the right to the use of that wall as a wall by the tenant: Bentley v. Gill, 35 Ill. 414; Bauders v. Fletcher, 11 S. & R. 419.

A partial use of the demised premises is an eviction: Vaughan v. Blanchard, 1 Y. 175; Moore v. Webster, 71 Penn. St. 431; Hazlett v. Powell, 30 Idem 296; Frost v. Earnest, 4 Wh. 90.

Mr. Justice PAXSON: This is an inconvenience of a temporary character; does not the tenant take subject to such inconvenience?

Ans. No, sir, it is not temporary, we cannot live in the house for a week or a month. The tenant does not get what his landlord agreed to give him. At least, it is a question for the jury whether the tenant should go out while it was rebuilding and be compelled to pay rent.

*Mr. Silas W. Pettit (Mr. John R. Read* with him), for defendant in error:

The wall was removed under act of May 20, 1857, P. L. 590.

There must be more than a transient or temporary interference with the lessee's enjoyment of the demised premises to constitute an eviction: Reyer v. Guggenheim, 106 Mass. 201; Upton v. Townsend, 17 C. B. 30; Dimmock v. Daly, 9 Mo. App. 354; Wood's L. & T. § 481; 3 Kent Com. 464.

The landlord is not in any way responsible for the lawful act of the adjoining owner: Greer v. Sampson, 27 Penn. St. 183; Moore v. Weber, 71 Idem 429; Hazlett v. Powell, 30 Idem 297.

The tenant is bound to take notice of the physical condition of the premises: Memert v. McKeen, 112 Penn. St. 315.

That the demised premises are or became uninhabitable is no defence to the action for rent: Hazlett v. Powell, *supra;* Kline v. Jacobs, 68 Penn. St. 57; Wheeler v. Crawford, 86

Idem 327; not even if they are destroyed by fire: McGaw v. Lambert, 3 Idem 444; Bussman v. Ganster, 72 Idem 285; Hoy v. Holt, 91 Idem 88.

The covenant for quiet enjoyment only extends to acts of the lessor himself, or those claiming by title paramount: Frost v. Earnest, 4 Wh. 86 ; Dobbins v. Brown, 12 Penn. St. 75.

Deeds of conveyance in Philadelphia must be construed with reference to party wall legislation: Western National Bank's App., 102 Penn. St. 171; Dougherty v. Wagner, 2 W. N. 291.

OPINION, MR. JUSTICE CLARK :

The plaintiff in this case sued for a quarter's rent accrued upon a written lease of a dwelling-house, the east wall of which was a party wall. The defendant in his affidavit set up for defence that before the rent became due the party wall was condemned under the Act of 20th May, 1857, as insufficient for the support of a building proposed to be erected by the owner of the adjoining lot; that the adjoining owner, under the authority of law, removed the wall and proceeded to the erection of a new one, and that the effect of this was to render the demised premises unfit for use as a dwelling; that the defendant paid the rent until the house became uninhabitable and was obliged to and actually did remove therefrom. The court entered judgment for want of a sufficient affidavit of defence, and this is the error assigned.

Every lease of land implies a covenant of quiet enjoyment, but that covenant extends only to acts of the lessor himself and to injuries inflicted under title paramount; it is not designed as an indemnity against any and all disturbance of the lessee's enjoyment of the land under the law :. Frost v. Earnest, 4 Wh. 86; Dobbins v. Brown, 12 Penn. St. 75; Moore v. Weber, 71 Penn. St. 429. The mere fact that the house became uninhabitable is not enough: Arden v. Pallen, 10 M. & W. 321; Carson v. Godley, 26 Penn. St. 117; Hazlett v. Powell, 30 Idem 293; this condition of the property must result from the act of the lessor, or from those holding title paramount.

It is not pretended that the lessor had anything to do with the removal of the party wall; or, indeed, that the lessee was evicted by any act of his; the contention is, that the act of

the adjoining owner was an eviction for which the lessor was liable; that the injury was from a paramount title, that is to say, from the exercise of a right existing in the adjoining owner, subject to which the plaintiff owned the wall which was part and parcel of the premises demised.

We do not think this view of the case can be sustained. The right of the adjoining owner to maintain the party wall in such form as to support the building he proposed to erect, was not in any proper sense a defect in the plaintiff's title. The right arises out of a provision of the law, to which all owners of real property in the city of Philadelphia are subject, and in reference to which all conveyances of land, whether in fee or for years, must be supposed to have been made and accepted. Titles to real estate are everywhere held subject to such constitutional and legal conditions affecting the enjoyment thereof, as shall from time to time be established; all are subject to the commonwealth's right of eminent domain and to such statutory and other police regulations as affect the safety, health and good order of society; one tract of land, from its mere location with respect to another, may owe it a servitude, and one man must so use his property as not unnecessarily to injure another. These are not defects in title; they are simply the legal conditions which affect the owner's enjoyment of his own property. If the conveyance in this case, instead of a lease for years, had been in fee, with the usual covenants for title and enjoyment, it would certainly not be pretended that the existence of the party wall, or its removal, would have constituted such a breach as would have sustained an action. The title, for anything that appears, was perfect under the law, and the possession was in accordance with the title. If the party wall may be called an encumbrance at all, it is an encumbrance in the same sense as a public road, of which, as it affects the physical condition of the property, the purchaser must take notice. Such an encumbrance would not be within the meaning of the ordinary covenant of title or of quiet enjoyment: Memmert v. McKeen, 112 Penn. St. 315.

The law relating to party walls, as was said in Evans & Watson v. Jayne, 23 Penn. St. 34, is no invasion of the absolute right of property; it prescribes simply a rule for the con-

venient, economical, and safe enjoyment of property by the owner; and with reference to which, all conveyances must be supposed to have been made. It must therefore be assumed, that this contract of lease was made with reference to such a possible contingency as did in fact occur. The lessee might have protected himself by a special contract, but he did not, and therefore cannot complain. The act of the adjoining owner was a lawful act, performed in a lawful and proper manner, and the lessor took no part in the performance of it, indeed, was wholly powerless to prevent it. The loss of the rent must fall either on the lessor or the lessee and as the latter is under a voluntary, express and absolute promise to pay the rent, he ought to perform his agreement, when the lessor is in no default whatever.

The judgment is affirmed.