# Tucker, Appellant, *v.* DuPuy.

*Landlord and tenant—Quiet enjoyment—Breach of covenant.*

The covenant of quiet enjoyment in a lease, whether express or implied, only means that the tenant shall not be evicted or disturbed by good title, in the possession of demised premises or some part thereof. It does not extend to the wrongful act of a stranger, or the lawful act of the landlord in making a different use of his property not demised.

In an action to recover for breach of an implied covenant of quiet enjoyment, it appeared that plaintiffs leased rooms on the second floor of a building to be used in the practice of medicine. There was no express agreement to rent the rest of the building for offices only, and none could be implied from the lease, or from the relation and duties of the parties. During the running of the plaintiffs' lease defendant purchased the building and leased it for a term of years to a hotel company with knowledge that the building would be altered to adapt it to the use of a hotel with a drinking bar. While alterations were being made the plaintiffs' business was interfered with by the operations of those engaged in the reconstruction of the building, but there was no charge of an actual entry upon their rooms, or an intention to oust them. After the temporary interferences were at an end, plaintiffs withdrew from possession because their offices had become less suitable for their use. *Held,* that there was no error in sustaining a demurrer to the statement.

Argued Nov. 1, 1904. Appeal, No. 185, Oct. T., 1904, by plaintiffs, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1904, No. 730, on demurrer to statement in case of John A. Tucker and William Byers, trading as Byers & Tucker v. Amy H. DuPuy. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Assumpsit for breach of an implied covenant of quiet enjoyment.

Demurrer to statement. Before KENNEDY, P. J.

The material averments of the statement of claim are set forth in the opinion of the Supreme Court.

*Error assigned* was in sustaining the demurrer.

*Chas. A. O'Brien,* with him *Chas. W. Ashley,* for appellant. —Any interference with the tenant's beneficial enjoyment of the demised premises amounts to an eviction in law : Doran v. Chase, 2 W. N. C. 609 ; Gallagher Bros. v. Burke, 13 Pa. Su-

perior Ct. 244; Hoeveler v. Fleming, 91 Pa. 322; Taylor's Landlord & Tenant, sec. 309; Ross v. Dysart, 33 Pa. 452; Pugh v. Denny, 17 Legal Int. 149; Duff v. Hart, 16 N. Y. Supp. 163; Edmison v. Lowry, 3 So. Dak. 77 (52 N. W. Repr. 583); Lay v. Bennett, 4 Colo. App. 252 (35 Pac. Repr. 748); Rowbotham v. Pearce, 5 Houst. 135; Brande v. Grace, 154 Mass. 210 (31 N. E. Repr. 633); Granbenhorst v. Nicodemus, 42 Md. 236; Denison v. Ford, 7 Daly, 384; Royce v. Guggenheim, 106 Mass. 201; Skally v. Shute, 132 Mass. 367; Peck v. Hiler, 14 How. Prac. 155; Bank v. Newton, 57 How. Prac. 152; Ins. Co. v. Myers, 4 Lanc. Law Rev. 151; Warwick v. Wah Lee & Co., 10 Phila. 160; Rogers v. Ostrom, 35 Barbour, 523; Sully v. Schmitt, 147 N. Y. 248 (41 N. E. Repr. 514).

*J. S. Ferguson*, with him *E. G. Ferguson*, for appellee.— There is nothing in the lease which prevents the landlord from leasing the premises for any purpose which he might deem advantageous to him: Bryden v. Northrup, 58 Ill. App. 233; Postal Tel. Co. v. Western Union Tel. Co., 155 Ill. 335 (40 N. E. Repr. 587).

Any entry by the landlord of the premises demised against the will or wishes of the tenant is not an eviction which will suspend the rent, but if the landlord ejects, expels, evicts or turns out the tenant and prevents his enjoyment of the premises for which the rent is payable, the rent will be suspended : Bennet v. Bittle, 4 Rawle, 339; Noble v. Warren, 38 Pa. 340.

The express or implied covenant for quiet enjoyment referred only to an eviction by claim of title, and not to a mere trespass : Edgerton v. Page, 1 Hilt, 320; Coddington v. Dunham, 45 How. Pr. 40.

OPINION BY MR. JUSTICE FELL, December 31, 1904:

This appeal is from an order sustaining a demurrer to a statement of claim in an action by tenants to recover for breach of an implied covenant of quiet enjoyment of the premises demised. It is set out in the statement that the plaintiffs leased for three years rooms on the second floor of a building known and used exclusively as an office building, except the first floor which was used as a storeroom. During the running of this lease the defendant purchased the building and leased it for ten

years to a hotel company with knowledge that the building would be altered to adapt it to the use of a hotel and that a hotel for the exclusive use of men, with a bar, would be conducted therein. While alterations were being made the plaintiffs' business, the practice of medicine, was interfered with and they were deprived of the full use and enjoyment of their rooms by various acts of those engaged in the reconstruction of the building and by the use of the hallway and stairways by workmen. After the hotel was opened idlers gathered at certain hours on the street in front of it and made it undesirable and unfit as a location for the plaintiffs' business, by reason whereof they were forced to leave the premises.

There is no charge of an actual entry upon the rooms leased by the plaintiffs nor of any disturbance of their possession by the defendant, nor of an intention on her part to oust them from the possession of their offices. They were subjected to annoyances incident to the making of changes in the interior of the building and perhaps suffered from trespass by the hotel company or its agents. After this temporary interference was at an end they voluntarily withdrew from possession because their offices have become less suitable for their use. All that is charged against the defendant is that she leased the property for hotel purposes. There was no express agreement to rent the rest of the building for offices only, and none can be implied from the lease or from the relation and duties of the parties. " The covenant of quiet enjoyment, whether expressed or implied, only means that the tenant shall not be evicted or disturbed by good title in the possession of demised premises or some part thereof : " Moore v. Weber, 71 Pa. 429. It does not extend to the wrongful act of a stranger or the lawful act of the landlord in making a different use of his property not demised.

The order of the court in sustaining the demurrer and entering judgment for the defendant is affirmed.