## Levine, Appellant, *v.* McClenathan.

*Landlord and tenant—Defective construction of buildings—
Duty of landlord to repair—Implied warranty that buildings are
tenantable—Injuries to stored merchandise—Nonsuit.*

1. Out of the relation of landlord and tenant no implied cove-
nant upon the part of the landlord to repair arises, nor is there
any implied warranty that the leased premises are tenantable,
and if damages result to the tenant by reason of failure to make
repairs, there can be no recovery against the landlord in the
absence of a covenant requiring the lessor to repair.

2. There is no liability on the part of the landlord to his tenant
by reason of the defective, imperfect or faulty construction of a
demised building in the absence of a warranty that the building
is in proper condition. The tenant takes the property as it is,
and the rule of caveat emptor applies.

3. In an action of trespass to recover damages from plaintiff's
landlord for injuries to plaintiff's stock of merchandise caused
by the leaking of water into the demised premises by reason of
the alleged defective, imperfect and improper construction thereof
at the time when the lease was executed, where it appeared from
the plaintiff's case that the negligence, if any, was in the faulty
construction of the building, and where there was no covenant
in the lease requiring the landlord to repair or warranty that the
buildings were in tenantable condition, the court made no error
in refusing to take off a nonsuit entered by the trial judge.

Argued May 12, 1914. Appeal, No. 157, Jan. T., 1914,
by a plaintiff, from judgment of C. P., Fayette Co., Dec.
T., 1912, No. 20, refusing to take off nonsuit in case of
Max Levine *v.* J. C. McClenathan. Before FELL, C. J.,
BROWN, MESTREZAT, ELKIN and MOSCHZISKER, JJ. Af-
firmed.

Trespass to recover damages for consequential in-
juries to plaintiff's stock of merchandise. Before UM-
BEL, P. J.

The opinion of the Supreme Court states the case.

The trial judge directed a compulsory nonsuit, which

the court subsequently refused to take off.   Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*E. C. Higbee*, of *Sterling, Higbee & Matthews*, with him *John Duggan*, for appellant, cited: Godley v. Hagerty, 20 Pa. 387; Toole v. Beckett, 24 Am. Reports 54; 67 Maine 544; Glickauf v. Maurer, 75 Ill. 289 (20 Am. Reports 238); Rauth v. Davenport, 14 N. Y. Supplement 69; Dollard v. Roberts, 14 L. R. A. 238; Farley v. Byers, 106 Minn. 260 (130 Am. St. Rep. 613); Sawyer v. McGillicuddy, 81 Me. 318 (10 Am. St. Rep. 260); Looney v. McLean, 129 Mass. 33 (37 Am. Rep. 295); Moore v. Weber, 71 Pa. 429; Reeves v. McComeskey, 168 Pa. 571; Hollidaysburg Seminary Co. v. Gray, 45 Pa. Superior Ct. 426; Davis v. Pierce, 52 Pa. Superior Ct. 615; Ward v. Fagan, 10 L. R. A. 147; Miller v. McCardell, 30 L. R. A. 682; Railton v. Taylor, 39 L. R. A. 246; Stenberg v. Wilcox, 34 L. R. A. 615; Hines v. Wilcox, 34 L. R. A. 824, and Wilcox v. Hines, 41 L. R. A. 278.

*D. M. Hertzog*, with him *H. G. May*, for appellee, cited: Moore v. Weber, 71 Pa. 429; Reeves v. McComeskey, 168 Pa. 571; Tucker v. Dupuy, 210 Pa. 461; Barns v. Wilson, 116 Pa. 303; Godley v. Hagerty, 20 Pa. 387; Carson v. Godley, 26 Pa. 111; Rauth v. Davenport, 14 N. Y. Supp. 69; Doupe v. Genin, 45 N. Y. 119; Harpel v. Fall, 65 N. W. Repr. 913.

OPINION OF MR. JUSTICE ELKIN, July 1, 1914:

This is an action of trespass for damages to a stock of merchandise caused by water leaking through the roof of the demised premises, or as appellant contends through the bottom of light wells which served to furnish light to the second and third stories of the same building.  At the conclusion of the testimony introduced

by appellant the learned court below directed a compulsory nonsuit to be entered and subsequently overruled the motion to take it off. The two assignments of error relate to these matters. It is well settled in our State that no implied covenant arises out of the relation of landlord and tenant upon the part of the landlord to repair, nor is there any implied warranty that the leased premises are tenantable. In the absence of a covenant in the lease requiring the lessor to repair, no such duty rests upon the landlord, and if damages result to the tenant by reason of failure to make repairs, there can be no recovery against the landlord: Moore v. Weber, 71 Pa. 429; Barns v. Wilson, 116 Pa. 303; Reeves v. McComeskey, 168 Pa. 571. There is a long line of cases to the same effect. These cases hold that the doctrine of caveat emptor applies to leases of real property. The tenant takes the property as it is and he must be the judge of its tenantable condition. If the tenant wants the landlord to make repairs, he must require such a covenant to be inserted in the lease; and failure to so provide by a covenant in the lease, relieves the landlord from any such duty. The landlord having no duty to repair cannot be charged with negligence in failing to make repairs, and hence in an action for damages charging negligence, there can be no recovery against the landlord if the damage resulted from failure to make repairs, or because of the untenantable condition of the demised premises. The tenant took the premises as they were and is bound by his bargain.

The negligence charged in the present case was: "That the said building was defectively, imperfectly and improperly constructed, and that at the date of the making of the said lease the store-room and premises demised to the plaintiff had not yet been occupied, and in consequence of the defective, improper and negligent construction aforesaid the roof of said building and the party wall and cornices around the skylight, leaked," and in times of rain the water percolated into the de-

mised premises and caused some damage to the stock of merchandise owned by appellant. In other paragraphs of the statement of claim the same character of negligence is charged and the case is made to turn by the pleadings upon the question of faulty construction of the building. We know of no case in Pennsylvania, and none has been called to our attention, in which a tenant was permitted to recover damages against the landlord upon the ground that the demised premises had been defectively or improperly constructed. If a tenant could recover damages upon the ground that the demised premises had not been properly constructed, all that has been said in our cases about the rule of caveat emptor would be meaningless. Appellant is bound by his pleadings, and his right to recover, if any such right exists, depends upon proving the negligence charged; but even if he proves the negligence charged there can be no recovery, if that negligence is not actionable under the law. As we view the present record this is a sufficient answer to the very able argument of learned counsel for appellant in which a number of cases from other jurisdictions are cited to support the contention that the negligence charged in the case at bar is actionable. It is not our purpose to discuss these cases because most of them are based upon exceptional facts which do not arise under the pleadings in the present case. It might very well be that a landlord would be held liable for negligent acts committed in and around the demised premises, and most of the cases from other jurisdictions cited here relate to acts of this character, but the negligence charged in the present case is the defective and improper construction of the building itself. No case decided in our State can be cited in support of the contention that there can be a recovery of damages by the tenant against the landlord when the negligence charged was faulty construction of the original building.

We might add that in the present case there was no

covenant to repair, nor was there any warranty that the demised premises were tenantable.

Assignments of error overruled and judgment affirmed.