## Graham v. Hay, Appellant.

*Landlord and tenant—Lease—Confession of judgment—Repairs —Rule to open judgment—Discretion of court—Contemporaneous oral agreement.*

A judgment entered on a warrant in a lease will not be opened on the ground that the premises were not fit and suitable for the purpose for which they were rented. The lessee's eyes are his bargain and he is bound to examine the premises he rents and secure himself by covenants to repair.

In the absence of an express agreement, there is no implied obligation on the landlord to repair demised premises, nor does he impliedly undertake that they are fit for the purposes for which they are rented.

A contemporaneous oral agreement, averred by the defendant, supported by his testimony alone and denied by the plaintiff, is not sufficient to warrant a finding that the lower court abused its discretion in discharging the rule to open judgment.

Submitted April 17, 1923.    Appeal, No. 31, April T., 1923, by defendant, from order of C. P. Butler Co., March T., 1922, No. 161, discharging rule to open judgment, in case of John C. Graham v. Marion R. Hay.    Before POR-TER, HENDERSON, TREXLER, LINN, KELLER and GAW-THROP, JJ.    Affirmed.

Rule to open judgment.    Before REIBER, P. J.
The opinion of the Superior Court states the case.
The court discharged the rule.    Defendant appealed.

594, (1923).] Assignment of Error—Opinion of the Court.

*Error assigned* was the order of the court.

*W. H. Martin,* for appellant.

*John R. Henninger,* for appellee.

OPINION BY GAWTHROP, J., July 12, 1923:

On October 4, 1921, plaintiff and defendant entered into a written contract, whereby the latter leased from the former three rooms and a bath over the same on Central Avenue, Butler, Pennsylvania, for a term of nineteen months beginning October 1, 1921, and ending May 1, 1923, to be used as a storeroom and dwelling and for no other purpose, at a rent of $807.50, payable $42.50 monthly in advance. Defendant remained in possession of the demised premises until February 1, 1922, when having paid in full to that date, he removed therefrom, and plaintiff entered judgment against him under a warrant of attorney contained in the lease for rent for the balance of the term. Defendant filed a petition to open the judgment based on the allegation that the premises were not suitable and fit for the purpose for which they were rented and that, at the time the lease was signed, a contemporaneous oral agreement between the parties was made to the effect that the lessor would make the necessary repairs to the premises and put the same in a condition suitable for the purpose for which they were rented and that, by reason of the failure of the lessor to make such repairs, the lessee was unable to continue in the occupancy thereof. The learned judge of the common pleas discharged the rule to open the judgment, and defendant has appealed.

The single question suggested by defendant's counsel in his statement of the questions involved is as follows: "where a building is leased and it is stipulated in the lease that the premises are to be used for a particular purpose and no other, is this not an implied covenant that the premises are fit and suitable for the purpose

rented?" At least since the decision by Mr. Justice SHARSWOOD in Moore v. Weber, 71 Pa. 429, 432, the rule in this State has been that "the lessee's eyes are his bargain; he is bound to examine the premises he rents and secure himself by covenants to repair." As stated by President Judge RICE in Davis v. Pierce, 52 Pa. Superior Ct. 615, "in the absence of an express agreement there is no implied obligation on the landlord to repair demised premises, nor does he impliedly undertake that they are fit for the purposes for which they are rented." Both of these cases were cited with approval by the present Chief Justice in Wood v. Carson, 257 Pa. 522.

While not properly before us, we have examined the evidence touching the question of the contemporaneous oral agreement to repair. The written agreement provides that plaintiff shall make certain repairs, and that defendant shall do all other repairs and make all improvements. The oral agreement set up is therefore in direct conflict with the terms of the written agreement. It is supported by the testimony of defendant alone and denied by plaintiff. No citation of authority is necessary to support the conclusion that the court below did not abuse its discretion in discharging the rule to open the judgment.

The judgment is affirmed.