## Davis v. Gregg.

*Landlord and tenant—Duty of landlord to repair—Practice—Set-off or counter-claim — Demurrer — Motion to strike off — Notice to be endorsed — Copies of contracts—Practice Act of May 14, 1915.*

1. There is no implied covenant on the part of a lessor that the premises are in good repair and fit for any particular purpose. He is not bound to make repairs unless he has covenanted to do so.

2. The proper practice is to move to have a defective set-off or counter-claim set up in an affidavit of defence stricken off, and not to file a replication by way of statutory demurrer to the counter-claim, and such statutory demurrer should be regarded by the court as a motion to strike off. Such motion will be considered, and in a proper case allowed, when it asks to have only that part of the affidavit stricken off which sets up a set-off or counter-claim.

3. Section 5 of the Practice Act of May 14, 1915, P. L. 483, requires copies of all contracts to be attached to the pleadings, including a defendant's set-off or counter-claim.

4. Under section 15 of the Practice Act of May 14, 1915, P. L. 483, an affidavit of defence which sets up a set-off or counter-claim must be endorsed in the exact language of the act; otherwise it will be stricken off.

Demurrer to counter-claim. C. P. Lancaster Co., May T., 1924, No. 22.

*Chester A. Diller*, for plaintiff; *Edwin M. Gilbert*, for defendant.

HASSLER, J., Jan. 17, 1925.—Plaintiff filed a statement in this case, claiming an amount due from the defendant because of his failure to do certain things which he was required to do under the terms of a written lease of a farm of which the plaintiff was the lessor and the defendant the lessee. The amount claimed for each failure appears in the statement. The defendant filed an affidavit of defence, which contained a full and legal defence to many of the items of plaintiff's claim, and, in addition, set forth a set-off or counter-claim, as follows: "12. That growing out of this agreement, and a part of it, was the right of defendant and his family to take water from a well at the house; that the pump was in such condition that it could not be used, and the landlord (the plaintiff) refused and neglected to repair or have it repaired; that by reason of this defendant and his family was forced to carry water from a spring up a long hill a hundred yards away, at a cost to the defendant,

Davis v. Gregg.

in time to the value of a dollar a week for one hundred and fifty weeks, and that this defendant claims of the plaintiff an offset of one hundred and fifty dollars ($150), in time, due to the neglect of the plaintiff to repair the pump and furnish water to the defendant and his family."

To this the plaintiff filed a replication, raising a question of law to so much of the affidavit of defence as set forth a set-off or counter-claim.

The proper practice is to move to have the set-off or counter-claim set up in the affidavit of defence stricken off: Seaman v. Mealey, 1 D. & C. 146; Marcus v. Woods, 1 D. & C. 586, 69 Pitts. L. J. 832. Section 21 of the Act of May 14, 1915, P. L. 483, provides that the court, upon motion, may strike from the record a pleading which does not conform to the provisions of this act. The Act of May 23, 1923, P. L. 325, amends this, so as to require the motion to be made and served on the party filing the pleading, or his attorney, within fifteen days after a copy of such pleading was served upon the opposite party or his attorney. A motion to strike off in this case was made and served on the attorney for the defendant within fifteen days of the date on which the affidavit of defence was filed, though the affidavit of defence was not served upon the attorney for the plaintiff.

The court will regard a statutory demurrer filed in such a case as this as a motion to strike off a pleading: Hallowell v. Kimink, 2 D. & C. 145; Sorrick v. Scheetz, 26 Dist. R. 484, 33 Lanc. Law Rev. 401. Such motion will be considered, and in a proper case allowed, where it asks to have only that part of the affidavit stricken off which sets up a set-off or counter-claim: Snell v. Nickels, 1 D. & C. 487; Middletown & Swatara Cons. Water Co. v. Middletown Borough, 3 D. & C. 587. We will, therefore, consider the statutory demurrer filed by the plaintiff as a motion to strike off that portion of the affidavit of defence which sets up a set-off or counter-claim, and will strike off that portion of the affidavit of defence if under the Practice Act it is insufficient.

Section 5 of the Act of May 14, 1915, P. L. 483, requires that "every pleading (including defendant's set-off or counter-claim) shall contain a statement in a concise and summary form of the material facts on which the party relies. It must have attached to it all copies of notes, contracts, etc." The set-off set up in this affidavit of defence is defective, in that a copy of the contract (the lease) is not attached to the affidavit of defence, as required by the Practice Act. An exact copy of it is attached to the plaintiff's statement, and it does not show that the defendant and his family were to take water from the well, nor that the plaintiff was required to repair the pump and keep it in repair. There is no implied covenant on the part of a lessor that the premises are in good repair and fit for any particular purpose: Trickett on Landlord and Tenant, 68, et seq.; Moore v. Weber, 71 Pa. 429. He is not bound to make repairs unless he has covenanted to do so: Wodock v. Robinson, 28 W. N. C. 288; Moore v. Weber, 71 Pa. 429; Graham v. Hay, 81 Pa. Superior Ct. 594; Wood v. Carson, 257 Pa. 522.

Paragraph 12 of the affidavit of defence setting up the set-off does not, therefore, show such a cause of action as would entitle a defendant to recover under the act of assembly.

Another reason why it must be stricken off is, it is not endorsed as required by section 15 of the Act of May 14, 1915, P. L. 483, known as the Practice Act. This section provides that, "where the affidavit of defence sets up a set-off or a counter-claim against the plaintiff, the affidavit of defence shall be endorsed as follows: 'To the within-named plaintiff. You are required to file a reply to the within set-off (or counter-claim, as the case may be) within fifteen days from the date hereof.'" If the affidavit of defence is not endorsed as required

Davis *v.* Gregg.

by the act, that is, if it does not have the endorsement at all, or has it even slightly different from what the act requires, it is defective and must be stricken off. In Dick *v.* Forshey, 71 Pa. Superior Ct. 439, it is decided that the endorsement on the back of plaintiff's statement must be in the exact language required by the act of assembly, and that the purpose of the act "was manifestly to secure uniformity and regularity with respect to the notice necessary to place the defendant in default in case of his failure to present his defence, and it is to be presumed that in selecting the very words of the endorsement importance was attached to them according to their signification, and that they were used advisedly." This applies with equal force to an affidavit of defence setting up a set-off or counter-claim.

If an endorsement on the back of a plaintiff's statement which differed slightly in its language from that required by the act did not conform to the requirements of the act and made the statement defective, .it follows that where such endorsement is entirely omitted, such pleading would not conform to the requirements of the act and would have to be stricken off. See, also, Wagner Bros. Co. *v.* Douglas (No. 1), 6 D. & C. 198, 39 Lanc. Law Rev. 233. It is true that, in that case, the pleading was a plaintiff's statement, but the act requires the same endorsement on an affidavit of defence which sets up a set-off.

As this affidavit of defence does not contain the required endorsement, paragraph 12 of it must be stricken off.

Rule is made absolute to strike off paragraph 12 of defendant's affidavit of defence.                    From George Ross Eshleman, Lancaster, Pa.