## Redman et ux. *v.* Weeter et ux., Appellants.

*Landlord and tenant—Negligence—Stairways—Protection—Sufficiency—Death of minor child.*

In an action of trespass, by a tenant against a landlord for damages for the death of a minor child, there can be no recovery, where the evidence established that the child was killed by falling through a railing of a stairway, and there was no proof of negligence on the part of the defendant.

A tenant is bound to examine the premises he rents. The owner does not undertake to prove that they are suitable for the purpose for which they are rented, or that he will keep them in repair. The doctrine of caveat emptor applies to leases of real property. The tenant takes the property as it is and he must be the judge of its condition. He takes the premises as they are and he is bound by his bargain. Landlords would be subjected to actions for many unknown and unanticipated defaults, if their responsibility is to be established on any theory of obligation on an implied warranty of security or adequacy.

Argued May 4, 1925. Appeal No. 192, April T., 1925, by defendants from judgment of C. P. Allegheny County, July T., 1921, No. 1725, in the case of Ralph R. Redman, Sr., and Bernice E. Redman, his wife, v. Albert C. Weeter and Lily A. Weeter, his wife. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Trespass to recover damages for death of minor child. Before HAYMAKER, J.

174    REDMAN et ux. *v.* WEETER et ux., Appels.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs in the sum of $1,200.00, and judgment thereon.    Defendants appealed.

*Errors assigned* were the charge of the court, answers to points and refusal of defendants' motion for judgment non obstante veredicto.

*W. W. Stoner,* of *J. M. Stoner & Sons,* for appellants.—The plaintiffs were guilty of contributory negligence in failing to properly guard their infant child: Sullenberger, Appellant, v. Chester Traction Company, 33 Pa. Superior Court 15; Smith v. Railway Co., 92 Pa. 454; Glassey v. Hestonville, etc. Passenger Railway Company, 57 Pa. 172; Smith v. O'Connor, 12 Wright 223; Watson v. Highland Grove Traction Co., 68 Pa. Superior Court 332; Rapaport v. Pittsburgh Rwys. Co., 247 Pa. 347.

There was no proof of any negligence on the part of the defendants.

*Thomas M. Marshall,* and with him *R. P.* and *M. R. Marshall,* for appellee, cited: Henne v. Peoples Street Railway Company of Luzerne, 1 Pa. Superior Court 311; Johnson v. Reading City Passenger Railroad Company, 160 Pa. 647; Sitinsky v. Mutual Brewing Company, 187 Pa. 57; Corpies v. Sand Company, 31 Pa. Superior Court 107; Pittsburgh, Allegheny and Manchester Railways Company v. Pearson and wife, 72 Pa. 169; Schnur v. Citizens Traction Company, 153 Pa. 29.

OPINION BY HENDERSON, J., July 9, 1925:

In September, 1918, Ralph R. Redman, Sr., one of the plaintiffs, rented from Albert C. Weeter, one of the defendants, an apartment on the third floor of a three-story apartment house, owned by the latter in

Swissvale, and possession was taken by the plaintiffs soon thereafter. At the rear of the building there were porches to accommodate tenants on the first, second and third floors and a stairway led from the third floor porch to the lot below. On the 20th of May, 1920, while the plaintiffs were still in the occupancy of the premises, their son, aged between thirteen and fourteen months, made his way from the porch of the upper floor down three steps of the stairway and in some way, not clearly shown, fell from the stairway through an opening about eighteen inches high and two feet and three inches in length under the handrail constructed along the side of the stairway, as a result of which accident the child died the next day. The plaintiffs charge that the loss was caused by the negligence of the landlord in not so closing or guarding the space referred to that the child could not have exposed himself to the danger. Evidence was introduced to show that the stairway had been changed in March, 1919, the work being in charge of a builder and contractor who relocated or rearranged it to meet the requirements of a garage construction on the ground at the back of the building. There was no complaint in regard to the manner of this construction except that a larger space was left under the handrail where the child fell than should have been there. The only evidence of a competent witness in regard to the form of the structure was that it was built in a usual manner as adopted by builders. The evidence indicates that at the time this work was done the child was not born. The lease is not set forth in the pleadings, the explanation of its absence being that the plaintiffs had been unable to obtain a copy of it. We are not informed therefore whether the lease was from month to month, for a year, or for a longer term. The case was tried on behalf of the plaintiffs and submitted to the jury on the theory that it was the duty of the landlord to make the stairway secure against the opportunity of an un-

attended child to injure himself by a fall therefrom. The contention of the appellants is that there was no evidence of actionable negligence and that the plaintiffs were guilty of contributory negligence in their failure to care for their child, there being evidence that there was a door and a screen door opening onto the porch and a gate at the head of the stairway leading down from the porch. That the stairway was adequate for ordinary use seems not to be disputed. There is affirmative evidence to that effect and none to the contrary. In strength and form it was sufficient for the purposes for which such structures are ordinarily used. The plaintiffs were familiar with its condition and, unless their term was for a longer period than a year, renewed the lease with full knowledge of the condition of the premises. The allegation is not that it was a defect known to the landlord and not known to the tenant which was the cause of the injury. The plan of the structure was obvious to every person who had occasion to use the stairway. When the plaintiffs rented the premises they did so without any implied warranty that they were fit for the purpose for which they were rented and no expressed warranty is asserted. It was the privilege of the landlord to have the stairway narrow or wide, with deep or shallow tread, to have it ascend directly or to make the approach to the porch at an angle or on a curve; nor was he impliedly bound to make repairs. As was said in Moore v. Weber, 71 Pa. 429, the lessee's eyes are his bargain. He is bound to examine the premises he rents. The owner does not undertake to prove that they are suitable for the purpose for which they are rented, or that he will keep them in repair. There is a long line of cases holding that the doctrine of caveat emptor applies to leases of real property. The tenant takes the property as it is and he must be the judge of its tenantable condition. He takes the premises as they are and is bound by his bargain: Moore v. Weber, supra;

Reeves v. McComeskey, 168 Pa. 571; Levine v. McClenathan, 246 Pa. 374.  The only complaint here is that the space below the handrail was so large that the plaintiff's child could fall or crawl through it; that is, that the stairway was improperly constructed.  The plaintiffs were capable of observing that condition and had notice of it for more than a year before the unfortunate accident occurred.  It is not contended that the stairway was not well adapted to the use of persons capable of taking care of themselves, and there is nothing in the case to show that the original lease was made with any reference to the presence of unattended infants on the premises.  The change in the stairway was made without objection on the part of the tenants and in the absence of the terms of the lease and having regard to the general practice with reference to the duration of such tenure, it may well be assumed that the term was renewed after the repairs were made. No Pennsylvania case has been presented which supports the position on which the appellees rely.  Landlords would be subjected to actions for many unknown and unanticipated defaults if their responsibility is to be established on any theory of obligation on an implied warranty of security or adequacy.  The subject is treated at length in the opinion of Mr. Justice ELKIN in Levine v. McClenathan, supra, and the principles there restated we regard as conclusive against the action.  The plaintiffs' loss is one which excites our sympathy, but in an action to fix responsibility for damages, we are unable to view the case in a light which permits us to sustain the verdict.  The conclusion reached renders it unnecessary to consider the elaborate arguments of the counsel on the respective sides on the subject of contributory negligence.

The judgment is reversed.