## Dittus et al. v. Johnson.

*George T. Hambright* and *John E. Malone*, for plaintiff.
*Paul E. Mueller*, for defendant.

LANDIS, P. J., Oct. 6, 1928.—Kirk Johnson is the owner of a certain store and apartment-building, situated on the south side of West King Street, in the City of Lancaster, known as Nos. 50 and 52 West King Street. He rented the rear apartment on the second floor to one John Shelly, who, together with his family, was occupying it at the time the accident occurred. There was a roof over part of the first floor of the building which the defendant, Johnson,

had fitted up with hooks and lines so that the several tenants could use the same as a place to hang out their wash and laundry. Part of the roof was occupied as a skylight, which was constructed level with the adjacent roof and covered with translucent glass. There is no allegation that the skylight was not in good condition, either at the time the apartment was leased to Shelly or at the time of the accident. The entrance to the roof was from a balcony in the rear of the Shelly apartment. On May 13, 1926, the plaintiff, Elizabeth Dittus, with her mother, was visiting the Shelly family. In some way she walked onto the balcony and from there to the aforesaid roof. She fell through the skylight to the floor below and was injured. She has brought suit to recover damages for her injuries and her father has sued for loss of her services. The defendant has filed an affidavit of defense, raising the question of law that there is no lawful ground to support the action set forth in the plaintiffs' statement. The grounds of complaint on which the plaintiffs rest their case are: First, that the defendant maintained the skylight without guards; second, that he failed to maintain a gate between the balcony and the roof; and, third, that he maintained the skylight in a dirty condition level with the roof.

I do not think that a recovery can be had against the defendant for any one of these causes. The fact that the child and her mother were visiting the Shelly apartment gave her no right to wander all over the house, and especially on the defendant's roof, which formed no portion, even, of the apartment. Conceding that the Shellys and the other tenants were permitted to dry their clothes on the roof, their right to use it was limited to that use and was for their exclusive benefit and not for the benefit of those who might come there as guests. When the child got upon the skylight, she took the risk of injury, and the owner of the building cannot be charged with negligence on account of her own fault. I do not think the landlord is bound to place a guard around a skylight on his roof, no matter whether he occupies the house himself or it is occupied by his tenants. Nor do I think he was obliged to put a gate between the balcony and the roof as an obstacle to unauthorized persons who might attempt to walk from the balcony to the roof and from thence to the skylight. On what theory, also, was he bound to keep his skylight clean so that it would be visible to trespassers who might by chance come upon it?

"The law fully recognizes the right of him who, having the dominion of the soil, without malice does a lawful act on his own premises, and leaves the consequences of an act thereby happening where they belong, upon him who has wandered out of his way, though he may have been guilty of no negligence in the ordinary acceptation of the term:" Gramlich v. Wurst, 86 Pa. 74; Thompson v. B. & O. R. R. Co., 218 Pa. 444.

"It is settled by abundant authority that to enable a trespasser to recovery for an injury" against the owner of property he was trespassing upon, "he must do more than show negligence. It must appear there was a wanton or intentional injury inflicted on him by the owner." Even a child of tender years may be a trespasser and be subject to the consequences of his trespass so that it may preclude recovery for injury: Gillespie v. McGowan, 100 Pa. 144.

In B. & O. R. R. Co. v. Schwindling, 101 Pa. 258, a boy under six years of age went for his own amusement on the platform of a railroad station to observe an approaching train and was struck by an iron step which was bent and projected a few inches from the car. A judgment in his favor was reversed on the ground that the company owed him no duty of protection under the circumstances. See, also, Rodgers v. Lees, 140 Pa. 475.

In Johnson v. Wilcox, 135 Pa. 217, a plaintiff, while on his way to a dance-room in the third story of a building having a safe entrance by a well-lighted hall and stairway, stepped aside through a door on the second floor, and, in the dark, upon a platform which he thought was protected by a railing. He fell and was injured. It was held that he was guilty of contributory negligence.

In Sweeny v. Barrett, 151 Pa. 600, it appeared that the plaintiff, on a dark night, stepped from a rear door of a saloon leased to the defendant which he was unfamiliar with, and, turning as he stepped out, he fell down an outside open stairway leading to a cellar. In an action for damages, a non-suit was entered.

In Jones v. Counties Gas and Electric Co., 289 Pa. 128, it was held that one who deliberately walks into a place which he knows, or should know, may be dangerous, without taking any precautions to know the truth, takes the chance of the result and must personally bear the consequences.

In Conboy v. Osage Tribe No. 113, 288 Pa. 193, a plaintiff fell down an unlighted staircase of a building used for lodge meetings. It appeared that he was familiar with the approach to the staircase, but neglected to take precautions available to him in securing a light before he proceeded in the darkness. In an action for damages against the landlord of the building, it was held that he could not recover.

In Davis v. Edmondson, 261 Pa. 199, the plaintiff fell off a platform adjoining a rear door of a hall. It was alleged that some one, other than the plaintiff, on the night of the accident, opened the door in the hall leading to the platform, and that he stepped on it in the darkness; that he was unable to see the ends of the platform and stepped off it and sustained the injuries complained of. In an action against the owner of the dance-hall, it was held that there could be no recovery. In this case, it was said: "The correct conclusion of the learned court below was that it clearly appears from plaintiff's statement of his cause of action that the injuries he sustained were due to his carelessness or negligence, and the judgment, which was properly entered under the Act of May 14, 1915, P. L. 483, is affirmed." To the same effect is Borman v. United Merchants Realty and Imp. Co., 264 Pa. 156.

In Redman v. Weeter, 86 Pa. Superior Ct. 173, it appeared that Redman had rented an apartment on the third floor of a three-story apartment-house owned by Weeter. At the rear of the building there were porches to accommodate tenants on the first, second and third floors, and a stairway led from the third floor porch to the lot below. Redman's son, who was between thirteen and fourteen months old, made his way from the porch of the upper floor down three steps of the stairway and in some way fell from the stairway through an opening and was killed. It was held that the landlord was not responsible for the accident and that there could be no recovery against him.

There is also another reason which I think is applicable to the present case. In Harte v. Jones, 287 Pa. 37, it was said that at common law, subject to certain exceptions, the occupier or tenant and not the landlord is liable for injury occurring to a third person on or off the premises; that if a building in possession of a tenant becomes dangerous in law, the owner is not liable for an injury occurring thereon; and that the same rule obtains where the premises are leased as flats to different persons. Where a landlord is liable for defective construction or condition at and before the tenancy begins, the liability continues throughout the tenancy; but to cause him to be liable the premises must be so constructed or be in such condition that in and of itself it amounts

to a nuisance. Therefore, an entrance to a cellar from a street guarded by a door is not a dangerous construction or a nuisance *per se*.

In Duffin *v.* Dawson, 211 Pa. 593, where a person was injured by the tilting of a cellar door in a pavement, and it appeared that the accident was caused because the door had not been properly closed, and not because of any defect in the construction of the door, it was held that the remedy was against the tenant in possession and not against the owner. See, also, Towt *v.* McCaulley, 173 Pa. 314, and Lindstrom *v.* Pennsylvania Co., 212 Pa. 391.

In 36 Corpus Juris, 129, it was said that "the landlord is not bound to keep in repair the portion of the premises used in common by different tenants beyond the purpose for which such portion was constructed."

I am of the opinion that, on the face of the statement, the plaintiffs have no right to recover, and, therefore, under the 20th section of the Act of May 14, 1915, P. L. 483, judgment should now be entered in favor of the defendant.

Judgment entered for defendant.

From George Ross Eshleman, Lancaster, Pa.