## Steckel v. Dolinger

*J. J. Sirotnak*, for petitioner.
*M. J. Kolansky*, contra.

LEWIS, J., May 29, 1936.—Defendant, Leo Dolinger, being a subtenant of certain space in store premises of Jacob Steckel, executed a lease for the space in the storeroom for the term of 11 months commencing with January, 1936, and expiring on November 30, 1936. Defendant occupied the premises up to about March 1, 1936. The rent for the premises was paid up to March 1, 1936. On or about March 1, 1936, there came a parting of the

ways between plaintiff and defendant, plaintiff claiming that defendant abandoned the premises and defendant claiming that plaintiff evicted him from the premises. As a result thereof, on March 7, 1936, plaintiff entered judgment against defendant on a confession contained in the lease for the balance of rent due, amounting to $450, a fi. fa. was issued upon the said judgment, and the personal property of defendant was levied upon.

Defendant on March 30, 1936, filed a petition and obtained a rule to show cause why the judgment should not be opened and defendant allowed to enter into a defense. A responsive answer was filed by plaintiff. Depositions were taken by both sides and the matter is now before the court for disposition. One of the allegations for relief was that plaintiff "wilfully and fraudulently represented to the defendant, Leo Dolinger, that he was permitted under his agreement of lease with Joseph Muto, the owner of the premises demised . . . to sublet to the defendant herein without the consent of the original lessor first had in writing."

The clause against subletting contained in the lease between the original landlord and his tenant, plaintiff in this case, was placed there for the benefit of the landlord, and not the tenant, and if the landlord is satisfied to continue the tenant notwithstanding the breach of the covenant against subletting it is no concern to defendant. The deposition of Joseph Muto, the original landlord, states:

"Q. Did Mr. Steckel ever notify you that he subleased his meat department to Mr. Dolinger?

"A. Yes, he told me couple weeks or later—three weeks or month.

"Q. What, if anything, did you say to him?

"A. He come in—Mr. Steckel came in the store for a glass of beer and I told him, I said, 'Mr. Steckel, you tell your butcher why I didn't care for a penny or two but I want good stuff', and he told me, 'I didn't have anything to do with the meat no more because I rent that meat de-

partment', and that's the time I knew. I didn't know anything before. That was the late part of January.

"Q. Did you object to Mr. Steckel?

"A. No.

"Q. Did you say anything to him when he told you that?

"A. No, sir.

"Q. All that you were interested in was your rent?

"A. That's all I told him."

From the testimony of Mr. Muto, the original landlord, we are satisfied that he impliedly consented to the subleasing, and this disposes of the principal reason assigned by defendant in his petition for relief.

"In such a case the breach of the covenant against subletting rendered the lease voidable, and not void, and if the city did not object, no other person could do so": Towt v. Philadelphia et al., 173 Pa. 314.

The second proposition of defendant is that he did not abandon the premises but that he was evicted therefrom by plaintiff, Mr. Steckel. As to the depositions on that point, the evidence appears to be very unsatisfactory and contradictory, and from the fair weight of the same we are inclined to say that defendant surrendered the premises on or before March 1, 1936, on or before any rent became due. Plaintiff, in his answer, admits that he had retaken possession of the premises on March 3, 1936, two days after the surrender of the premises by defendant. The evidence further discloses that plaintiff stocked up the space occupied by defendant, the subtenant, with the same line of merchandise that defendant handled on the subleased premises. The depositions do not disclose that plaintiff. suffered any damage by reason of the surrender of the premises. We, therefore, feel that in the interest of justice this judgment should be opened to let defendant into a defense.

With respect to the question whether or not plaintiff suffered any damages whatsoever by reason of the surrender of the premises by defendant and the reoccupying

of the same premises with the same line of merchandise by plaintiff within a period of two days, plaintiff, being the landlord, has put himself in a position, by retaking possession of the premises, where he must account for the value of the premises. If the value is the same as the rent previously paid, he shall be entirely relieved. If the value is less he is liable only for the difference: See Auer v. Penn, 99 Pa. 370.

Now, therefore, May 29, 1936, the rule to open judgment is made absolute, and an issue is framed as follows: Plaintiff's judgment shall stand as plaintiff's statement of claim and the petition for rule to open judgment shall stand as an affidavit of defense.