## Wytheville.

MAYO, HYSORE & COMPANY v. PHILADELPHIA TEXTILE MA-
CHINERY COMPANY.

June 14, 1906.

1. CONTRACTS—*Construction*—*Case at Bar.*—A contract to take effect on
a certain day and which "shall continue for the period of eighteen
months from that date, and thereafter until six months shall have
elapsed after written notice shall have been received by either
party of the intention of the other party to withdraw from the
agreement," does not fix two years as the minimum duration of the
contract; but notice given at any time within a year from the
date of the contract will suffice to terminate the contract at the
end of the eighteen months. Although in the construction of
written contracts every part of the contract must be made, if
possible, to take effect, and every word be made operative, the
added words "and thereafter until six months shall have elapsed
after written notice shall have been received" were not intended
to extend the minimum duration which had been fixed at eighteen
months, but to provide for terminating the contract, and to pre-
scribe the length of notice necessary to put an end to it.

Error to a judgment of the Circuit Court of the city of Rich-
mond, in an action of assumpsit. Judgment for the defendant.
Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Christian & Christian,* for the plaintiff in error.

*Meredith & Cocke,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This controversy involves the construction of a contract entered into between the parties to this litigation, in which the defendants, Philadelphia Textile Machinery Company, agreed to pay the plaintiffs, Mayo, Hysore & Co., at the rate of two thousand dollars *per annum* during the term of the contract, for certain privileges and considerations set forth therein. The controverted clause is as follows:

"It is hereby further agreed between the parties hereto, that this agreement shall take effect on the first day of November, 1902, and shall continue for the period of eighteen months from that date, and thereafter until six months shall have elapsed after written notice shall have been received by either party of the intention of the other party to withdraw from this agreement."

On the 28th of October, 1903, the defendants gave the plaintiffs, Mayo, Hysore & Co., the following notice: "We hereby notify you of our intention to withdraw from the agreement which we made with you, dated November 1, 1902, at the expiration of the period of eighteen months, mentioned in said agreement, to-wit: on May 1, 1904, which will make the last of the eighteen payments come due April 30, 1904."

The plaintiffs refused to accept this construction of the contract, and brought this action of assumpsit to recover further and subsequent monthly instalments to those mentioned in the notice given by the defendants. The contention of the plaintiffs is that the controverted clause creates an absolute and unconditional contract of two years' duration that neither party could terminate by notice short of that period; that effect must be given, if possible, to every word of the contract; and that by no other construction would any effect or meaning be given

to the word "thereafter," which occurs in the following part of the clause: "and shall continue for the period of eighteen months from that date, and thereafter until six months shall have elapsed after written notice," etc.

It is indubitably true that in the construction of written contracts every part of the contract must be made, if possible, to take effect, and every word of it must be made to operate in some shape or other. *Tate* v. *Tate,* 75 Va. 522; *Richmond Ice Co.* v. *Crystal Ice Co.,* 99 Va. 239, 37 S. E. 851.

Looking alone to the written contract, and giving to this rule its full force and effect, we are of opinion that the construction sought to be placed by the plaintiffs upon the clause in question cannot be sustained. It would seem reasonable that if the parties had agreed upon two years as the minimum duration of their contract they would have expressed so simple an understanding in the written memorial which they signed. Instead, however, of naming two years as the minimum duration of the contract, they expressly and specifically say that the contract "shall continue for the period of eighteen months from date." The added words, "and thereafter until six months shall have elapsed after written notice shall have been received," were not intended to extend the minimum duration which had been fixed at eighteen months, but to provide for terminating the contract, and to prescribe the length of notice necessary to put an end to it. The contract was one of indefinite duration, unless six months' notice of withdrawal was given by one of the parties. It could not be terminated by notice in less than eighteen months, and would not terminate then or thereafter "until six months shall have elapsed after written notice shall have been received," etc. In other words, if either party gave notice at any time within one year after the date of the contract that he desired to withdraw, the contract would terminate with the expiraton of the

·eighteen months mentioned therein. If the notice of withdrawal was not given until after the expiration of one year from the ·date of the contract, then it would not terminate until six months .shall have elapsed after the written notice had been received. The contract does not provide when notice to terminate shall be .given; it is left to either party to terminate the contract at pleasure, provided the minimum duration of eighteen months expressly stated therein is not diminished. Of course it was possible, depending upon when the notice to terminate was .given, that the contract might continue in force for two years, ·or more, from its date; but it was equally possible for it to be terminated with the minimum period of eighteen months, fixed .therein, provided the notice was given in time.

. According to the express terms of the contract two events must happen before it can be considered terminated: (1) The ·expiration of eighteen months from its date; and (2) the expiration of six months after the notice of withdrawal has been received. Both of these requisites were fulfilled in this case. The eighteen months had expired, and the period of six months had elapsed since the notice of withdrawal, given by the defendants, was received by the plaintiffs. The provisions of the contract, with respect to its life, having been met, it ceased to ·exist when the period of eighteen months from its date expired.

For these reasons the judgment of the Circuit Court must be :affirmed.

*Affirmed.*