# CHARLESTON.

G. C. HEDRICK *et als. v.* ALLEN PACK

(No. 6213)

Submitted October 30, 1928.  Decided November 13, 1928.

*Williams & Riffe* and *C. O. Dunn,* for plaintiff in error.
*Ashworth & Ashworth,* for defendants in error.

HATCHER, JUDGE:

Pack occupies a storeroom in the city of Beckley under a lease from G. C. Hedrick and others, which covenants that the tenant shall ''keep the room in a good state of repair at his expense, ordinary wear and tear excepted.''  The landlords recovered under that covenant a judgment for repairs occasioned by a fire.

Section 22, Chapter 72, Code, is as follows:

''No covenant or promise by a lessee that he will leave the premises in good repair shall have the effect, if the buildings are destroyed by fire or

> otherwise, without fault or negligence on his part, of binding him to erect such buildings again, or to pay for the same or any part thereof, unless there be other words showing it to be the intent of the parties that he should be so bound."

There are no words showing the intent of the parties in this respect except those above quoted. Pack was away from Beckley when the fire occurred, and the evidence does not disclose its cause. Pack says the plaintiffs' case must fail under the statute because they did not show that the fire was the result of his fault or negligence. On the other hand, the plaintiffs contend that the burden was on Pack to prove that the fire occurred through no fault or negligence on his part.

Under the common law, a covenant to repair, such as the one here, imposed liability on the lessee for damages to the leased premises no matter how occasioned, ordinary wear excepted. That construction of the covenant was manifestly unjust in cases of accidental and other injuries to property, not attributed to the lessee. Consequently, the obvious purpose of the statute was to modify that "harsh rule". *Richmond Ice Co.* v. *Crystal Ice Co.*, 99 Va. 239, 244. That purpose is accomplished and justice is met by construing the statute to signify that the lessee is not liable unless at fault. That construction would throw the burden of proof on the landlord.

The above case, however, was in the appellate court the second time. See 103 Va. 465, 472-3. It was then held, upon an issue involving an abatement of rent on leased property which had been destroyed, that under the Virginia statute (which is similar to ours) the burden was on the lessee to show that the destruction was not due to his fault or negligence. The position of the court is stated as follows: "It is not sufficient to entitle him to a reduction in the rent that the buildings on the leased premises have been destroyed, but it is made a condition to that right that they were destroyed without fault or negligence on his part. It was therefore necessary for the tenant in its pleadings to aver and prove that fact. That it was required to prove a negative does not affect the question since the existence of that fact

was necessary to the relief sought." The authorities cited in the opinion, in support of that ruling, deal only with abstract law on the burden of proving a negative. The word "without" (with no) in the statute is a word of negation. But the fact that the statute is negative in form does not necessarily make its inhibition a negative one. On the contrary, as the statute contains two negatives, it may be transposed to an affirmative form for the sake of clarity, and it will then read:

> "A covenant or promise by a lessee that he will leave the premises in good repair shall have *the effect,* if the buildings are destroyed by fire or otherwise *with* fault or negligence on his part of *binding him,*" etc.

The statute is nothing more or less than a corrective construction of the ordinary covenant to repair. Suppose we write that construction into the lease. Then it would read that Pack should "keep the room in a good state of repair, at his own expense, when the repair is made necessary by his fault or negligence, ordinary wear and tear excepted." That construction makes the fault or negligence of the lessee the controlling factor—or "condition", as the Virginia court terms it. But that condition is by the express language of the statute, one for "binding" the lessee, not one for *releasing* him; it is a condition which permits a recovery, not a condition which raises a defense. Of course the absence of that condition is a complete defense. But why require the defending lessee to set up and then knock down a straw man? It would seem plain under the legislative interpretation of this covenant that two things must occur to warrant a recovery: (1) the leased property must be injured, and (2) the lessee must be at fault. If it takes both of these occurrences to make a case against the lessee under the covenant, then it is incumbent on the landlord to *prove both.* We have the greatest deference for the court of the mother state, but are constrained to differ with it on the construction of this statute.

The plaintiffs failed to show that Pack was at fault or negligent, and consequently were not entitled to recover.

Under this view, it is not necessary to comment on the other points of error alleged.

The judgment of the lower court is reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Judgment reversed; verdict set aside; new trial awarded.*