# Richmond

## PETER V. STIEFFEN AND ESTHER E. STIEFFEN V. F. W. DARLING.

March 24, 1932.

Present, Holt, Hudgins, Gregory, Browning and Chinn, JJ.

The opinion states the case.

*H. R. Taylor*, for the plaintiffs in error.

*J. Winston Read*, for the defendant in error.

CHINN, J., delivered the opinion of the court.

By a contract in writing, executed by both parties, F. W. Darling leased to Peter V. Stieffen certain premises in the city of Newport News, known as 2505 Washington avenue, for the term of five years from the first day of October, 1928, for the gross sum of $5,100.00 payable in instalments of $85.00 per month on the first day of each month, beginning November 1, 1928.

It appears from the agreed statement of facts, made a part of the record, that "after the execution of said lease and after the said Stieffen had taken possession of the property, the Schmelz National Bank of Newport News, Virginia, owner of the adjacent lot, entered into a contract with one J. W. Davis, for the construction of a certain building on said adjacent lot at and for an agreed sum of money, and according to the terms of the said contract the

said J. W. Davis excavated and removed the soil from the adjacent lot to the depth of .... feet. Due to such excavation the building on the leased premises settled, causing alleged tenantable damage complained of by the said Peter V. Stieffen."

Stieffen claimed that on account of the damage caused the leased building by the excavation, he was entitled to an apportionment of the rent under the terms of a clause in the contract which reads as follows:

"That the said lessee will, during the said term, pay to the said lessor the rent aforesaid in the manner hereinbefore appointed, except the said premises, or some part thereof, shall happen to be burned down or damaged by fire or other casualty not occasioned by the act or default of the said lessee; in either of which cases the said rent is either to cease or to be fairly apportioned according as the said destruction is entire or partial."

This claim was not conceded by Darling, and Stieffen having defaulted in the payment of certain instalments of the rent, Darling sued out two distress warrants for its recovery, and forthcoming bonds were executed by Stieffen, with Esther E. Stieffen and one George Gannios, respectively, as sureties. The bonds were forfeited and duly returned by the officer to the clerk's office of the Corporation Court of Newport News, and motions thereon duly docketed. The parties then agreed in writing to submit the foregoing statement of facts, and the contract of lease, to the judge of the corporation court for the decision of this question:

"Conceding that Peter V. Stieffen was not negligent, can the rent for the premises be apportioned by way of defense to the motions on these bonds in proportion to the tenantable damage done, if any, to the premises?"

The court thereon entered the following order:

"This day came the plaintiff by his attorney, and likewise the defendants by their attorney, and the jury being waived,

and all matters of law and fact having been submitted to the judge of this court upon certain agreed facts in writing signed by the parties and filed with the papers herein, and the court having maturely considered the law as applicable to the said agreed facts and being of the opinion that the damage, if any, to the building on the leased premises cannot be set off in this proceeding against the rent, doth consider that the plaintiff recover against the defendants the sum of $1,000.00, the penalty of their bond, to be discharged by the payment of $541.45, with interest thereon from the 13th day of June, 1929, until paid, and his costs in this behalf expended."

■ Plaintiffs in error complain of this judgment on the ground that the words "or other casualty," as used in the lease, should be construed to include the damage to the leased premises resulting from the excavation made on the adjacent property.

We are unable to agree with this contention. While there seem to be few decisions in which the identical language employed in the contract now under consideration has been construed, the words "other casualty," as used in the instant lease, have been generally interpreted to mean events or accidents which human foresight and prudence cannot guard against or prevent, and do not refer to happenings within human foresight and control.

■ " 'Casualty' means an accident; that which comes by chance or without design, or without being foreseen." 5 Am. & Eng. Enc. L. (2d ed.), page 762. See also 36 C. J. 328, note 70.

In *Mills* v. *Baehr's, Ex'rs*, 24 Wend. (N. Y.), 254, the tenant had consented to pay the rent except the leased premises should become untenantable "by fire or other casualty." The leased building was rendered untenantable in consequence of the greater portion of it being taken down to conform to an order of the city widening the street

on which it was situated. It was held that this was not a casualty within the provision of the contract.

Section 3221, United States Revised Statutes (26 U. S. C. A. section 151), provides that the tax on distilled spirits destroyed while in a bonded warehouse "by accidental fire or other casualty" shall be abated, and in *Crystal Springs Dist. Co.* v. *Cox* (C. C. A.), 49 Fed. 555, 559, it was held that the words "other casualty" did not include a loss by the warping of barrels from unusual and excessive summer heat, abnormal evaporation caused by such heat, or the existence of undiscoverable worm-holes in the barrels. The court said: "We are clearly of the opinion that the court below was correct in its holding that 'other casualty,' as used in said section, meant an accidental destruction by some cause of like character and operation as fire; such as lightning, floods, cyclones, storms, or other uncontrollable force, which ordinary foresight and prudence could not guard against or prevent. The loss from undiscoverable worm-holes, or the warping of barrels from excessive summer heat, causing greater evaporation of spirits, is not the destruction by 'other casualty' contemplated by said section 3221, Rev. St."

But aside from the authorities on the subject, we think it clear that, considering the word "casualty" according to its commonly accepted meaning and signification, and in connection with the other words employed, the term, as used in the lease, refers, as said in *Crystal Springs Dist. Co.* v. *Cox, supra,* to the destruction of, or damage to, the premises by some unforeseen happening or accident "of like character and operation as fire," and does not include the damage caused by the excavation made on the adjoining property by a third party, without the fault of the lessor.

To sustain their position counsel for plaintiffs in error relies upon the cases of *United States* v. *N. Y., etc., R. Co.* (D. C.), 216 Fed. 702; *John Morris Co.* v. *Southworth,* 154

Ill. 118, 39 N. E. 1099; and *Phillips* v. *Sun Dyeing, Bleaching, etc., Co.*, 10 R. I. 458. These cases are not, however, applicable to the facts of this case.

In the first named case an action for penalties was instituted against the railway company for alleged violation of the Federal "hours of service act," which provided that the penalties were not applicable "in any case of casualty, or unavoidable accident, or act of God." 45 U. S. C. A. section 63. It was held that death or sudden illness, without fault of the employee, which caused the railway company, in two instances, to keep its dispatchers on duty beyond the nine hour period, were "acts of God," and came within exceptions in the act.

In the *Phillips* v. *Sun Dyeing, Bleaching, etc., Co. Case*, it was held that in the explosion of a boiler which damaged the leased building, there was such a degree of unexpectedness, as of something unforeseen and not contemplated in the making of the contract, that it was proper to regard such explosions as an unavoidable casualty.

In the case of *John Morris Co.* v. *Southworth*, it was held that the explosion of a boiler, due to a latent defect, by which the premises were rendered untenantable, was, as to the lessee, an inevitable casualty within the meaning of the contract.

In each of the last named cases the decision was based upon the theory that the explosions were, under the circumstances, in the nature of unexpected, unforeseen and extraordinary accidents. They bear no similarity to the facts of the case now under consideration, in which the occurrence was not one of such extraordinary character as to be beyond human foresight and control.

The contention that Stieffen is entitled to a reduction of rent, under section 5180 of the Code, is without merit. As well stated by counsel for the defendant in error in his brief: "That section covers a case where there is simply a

promise on the part of the lessee to pay the rent, and expressly excepts a case where there are other words in the lease which set out the condition governing the payment or abatement of rent. In such case, neither the common law nor the statute has any application. The subject is governed and controlled by the express contract of the parties." *Richmond Ice Co.* v. *Crystal Ice Co.*, 99 Va. 239, 37 S. E. 851; *Virginia I., C. & C. Co.* v. *Dickenson*, 143 Va. 250, 129 S. E. 228.

We are of opinion that the judgment of the trial court was plainly right, and it is affirmed.

*Affirmed.*