## Frangie v. Solomon

*Gleason, Krumenacker & Gibson,* for plaintiff.

*Harkins & Wharton,* for defendants.

GRIFFITH, J., February 23, 1955.—This is an action of assumpsit for damages occasioned by defendants' alleged failure to fulfill an agreement contained in a written lease "to maintain the exterior of the building and the roof in good repair".

The complaint sets forth that on May 10, 1951, plaintiff, as tenant, leased from defendants the first floor storeroom and basement of a building situated at the corner of Clinton and Locusts Streets in the City of Johnstown for a period of three years beginning June 1, 1951, and ending on May 31, 1954. During the month of October, 1952, plaintiff was forced to vacate the premises due to their condemnation by the Commonwealth of Pennsylvania; that, in spite of having been notified by the authorities, defendant failed to maintain the exterior of the building in good repair as promised and that their failure resulted in the condemnation of the building.

In their preliminary objections defendants make two points: (1) That the suit should have been brought in trespass rather than in assumpsit; and (2) insufficient facts are alleged to support a judgment in favor of plaintiff.

The suit was properly brought in assumpsit. If the landlord had undertaken to make the repairs and had done so negligently, the action could have been trespass based on the landlord's negligent acts. Here the landlord undertook no repairs but had promised in his lease to make them. Under these circumstances the rule in Pennsylvania is that an action in assumpsit for damages arising out of the landlord's failure to perform his covenant will lie. In Harris v. Lewistown Trust Co., 326 Pa. 145, 149, the court said:

"Where the cause arises merely from failure to keep a promise to repair the remedy is in assumpsit. To found an action in trespass there must be some breach of duty apart from nonperformance of the promise."

In Ehringer v. Bahl, 208 Pa. 250, a tenant successfully sued his landlord in assumpsit for damages to his furniture occasioned by the fall of the building. The action was based upon the landlord's oral promise to make repairs. See also Gabai Inc. v. Krakovitz, 98 Pa. Superior Ct. 150.

Even if plaintiff had chosen the wrong form of action, the error would not have been a serious one. Pa. R. C. P. 126, directing that the rules of civil procedure shall be liberally construed, and Pa. R. C. P. 1033, permitting amendments changing the form of action with leave of court at any stage of the proceedings, would have enabled plaintiff to have corrected the form of action without difficulty. Long before the adoption of the Rules of Civil Procedure in the case of Grove v. Barclay, 106 Pa. 155 (1884), where the action had been brought in assumpsit, the Supreme Court held that it was immaterial whether a verdict was rendered upon a count in assumpsit or in case, and said that the lower court should have permitted plaintiff to file, during the trial, his proposed amendment in tort.

Defendants cite the case of Eisen v. Eisen, 66 D. & C. 347, where the court found that the action should have been brought in trespass rather than in assumpsit because there was no contractural relationship between the parties, nor any privity from which an agreement could be implied, defendant being a mere trespasser. The court then sustained defendant's preliminary objections and refused to give plaintiff the opportunity of amending the complaint. This ruling in the Eisen case has been regarded as an anachronistic enfant terrible both by those who advocate one form of action. (Modern Pleading and the Pennsylvania Rules, 101 U. of Pa. Law Review 921), and by those who believe that the distinction between different causes of actions should be maintained: A Reply to Prof. Wright, 101 U. of Pa. Law Review 952.

Defendants' second preliminary objection avers that the complaint fails to allege sufficient facts to support a judgment in favor of plaintiff. Defendants call our attention to the twelfth paragraph of the lease which provides that "in the event of the total destruction of the said building by fire or other casualty . . . This lease shall immediately cease and determine . . . " Defendants suggest that since the building was totally destroyed by condemnation by the public authorities that the "other casualty" referred to in the twelfth paragraph of the lease occurred and that, consequently, the lease ended and there is no liability on the part of defendants. With this suggestion we cannot agree. We are satisfied that the condemnation of the building after notice on numerous occasions to defendants by the public authorities was not a casualty. Both 17 Word and Phrases 52 and 36 C. J. S. 807 accept the meaning of the words "fire or other casualty" as defined in Stieffen v. Darling, 158 Va. 375, 163 S. E. 353, as follows:

" . . . an accident; that which comes by chance or without design, or without being foreseen," and "fire or other casualty" means " . . . some unforeseen . . . accident of like character and operation as fire."

Certainly a condemnation by the public authorities after numerous notices to repair is not an event which comes "by chance", "without being foreseen" or an "unforeseen accident of like character and operation as fire."

In the oral argument defendants contended that their agreement to "maintain the exterior of the building and the roof in good repair" required them merely to paint the exterior of the building. In the case of B. Siegel Company v. Wayne, Circuit Judge, 183 Mich. 145, 149 N. W. 1015, the words "exterior of the building" were held to include the four walls. It is particularly clear in this case that defendant agreed to maintain the structural soundness of the four walls of the building because plaintiff was a tenant of the first floor only and the second and third floors were within the control of defendants.

Defendants contend that there was no eviction either actual or constructive by defendants because plaintiff was compelled to move from the premises by action of the public authorities. There is no doubt but that when demised premises are taken by the public authorities under the power of eminent domain there is not an eviction for which the landlord may be held liable to the tenant. However, in this case it is averred in the complaint that the condemnation by the public authorities was the result of defendant's breach of their contract with plaintiff to maintain the exterior of the building in good repair. Under such circumstances, that is, when the condemnation has been induced by the failure of the landlord to keep his promise to the tenant, the action of the public authorities in

condemning the premises does constitute an eviction, for which the landlord may be held liable in damages.

In 52 C. J. S. 168, Landlord and Tenant §449, it is said that while ordinarily acts of the public authorities which destroy the demised premises do not amount to an eviction, yet such action " . . . constitutes an eviction where the acts of the public authorities by which the tenant is injured are either affirmatively procured by the landlord or are due to his fault in not performing his duties. . . . " See also 32 Am. Jur. 243, Landlord and Tenant §258.

Defendants believe the case of Hitchcock v. Bacon, 118 Pa. 272, is controlling. In that case it was held that where a building under lease had been torn down by the city authorities as dangerous, the mere acquiescence of the owner or the fact that the eviction was desirable to him will not make him liable to the tenant for the injuries sustained. The distinction between the situation in that case and the one now before us is that in the Hitchcock case there was no agreement on the part of the landlord to make repairs. In the absence of such agreement, the landlord is not obliged to make repairs: Levine v. McClenathan, 246 Pa. 374; Irish v. Rosenbaum Co., etc., 348 Pa. 194. See also 32 Am. Jur. 521, Landlord and Tenant §657, and 51 C. J. S. 1071. In this case, however, it is alleged that the condemnation was due to the fault of the landlord in not performing his stipulated duty to maintain the exterior of the building in good repair.

We are, therefore, of the opinion that if plaintiff is able to substantiate the averments contained in his complaint, he is entitled to recover.

We, therefore, enter the following

### Decree

And now, February 23, 1955, after argument, and upon due consideration, it is hereby ordered and de-

creed that defendants' preliminary objections be dismissed and that this case be placed upon the next trial list on the issues raised by plaintiff's complaint and defendants' answer and new matter heretofore filed by agreement of counsel prior to the disposition of these preliminary objections.

*Exception*

To all of which counsel for defendants except and pray that an exception be noted and bill sealed; all of which is, the day and year aforesaid, accordingly done.